THE STATE *ex rel.* NICHOLS v. ADAMS *et al., Appellants.*

1. **Action by Legatee against Executor.** If an executor has in his hands funds applicable to the payment of a legacy and sufficient for the purpose, the legatee has no concern with the collection of debts due the estate, and cannot maintain an action against the executor for failure to collect.

2. **Estoppel**: WILL. A legatee is not estopped from claiming under a will by reason of having contested the will.

3. **Will**; STATUTE OF LIMITATIONS: INTEREST. In case of a contest over a will begun before the lapse of a year after its probate, the statute of limitations will not commence to run against a legatee until the contest is determined; neither will interest commence to run in his favor until then.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*Belch & Silver* for appellants.

*R. F. Buller* for respondent.

HOUGH, J.—This suit was instituted in October, 1874, on the bond of the executrix of the will of John Adams, deceased, to the use of Nancy Nichols, a legatee under said will. The first breach assigned was the failure and refusal of the executrix to pay to said Nancy Nichols the legacy left her by the will, all the debts of the estate having been fully paid, and there being ample funds in the hands of the executrix for the purpose. The second breach assigned was the failure of the executrix to collect the debts due the estate. The third breach assigned was the failure of

the executrix to make a true and faithful inventory of the property of the estate, and to make the annual settlements provided by law. The fourth breach assigned was the failure of the executrix to collect from the administrator *pendente lite* the money and property in his hands, and that which had been loaned out by him for the estate, pending the suit contesting the validity of the will. The fifth breach assigned was that the executrix had squandered the assets of the estate. The defendants denied generally the allegations of the petition, and for a further defense set up that Nancy Nichols had instituted a suit to contest the validity of the will, and that she was thereby estopped to claim anything under it. They also pleaded the statute of limitations.

It was agreed at the trial that the sum of $500 was bequeathed to the plaintiff, Nancy Nichols; that, on the 31st day of August, 1870, the proceeding instituted by said Nancy and others to contest the validity of the will of John Adams was dismissed, and that the defendant, Jane Adams, is in charge of John Adams' estate as executrix, under the bond sued on; that, before the institution of this suit, all the debts of the estate were fully paid, and that there were at the institution of the suit assets in the hands of the executrix sufficient to pay the legacy sued for and not needed to pay debts or expenses of administration, and that, in 1870, demand was made on the defendant by the plaintiff for the payment of said legacy, and the same was not paid.

The will does not appear in the record, but it seems to be conceded by the defendants that the funds in the 1. ACTION BY LEG- hands of the executrix were properly appli-ATEE AGAINST EX-ECUTOR. cable to the payment of the entire amount of the legacy sued for. Such being the fact, the finding should have been on the first, and not on the fourth, breach assigned, as Nancy Nichols was not interested in the collection of the assets of the estate beyond an amount sufficient to pay the debts and her legacy, and could not, therefore, be damaged by the default of the executrix com-

plained of in the fourth assignment, it being admitted that there were funds sufficient to pay her legacy.

The plaintiff is not estopped to claim under the will because she instituted a proceeding to contest the validity 2. ESTOPPEL: will. of the will. This is not one of the cases of estoppel in regard to wills, mentioned in the books.

Nor is the action barred by the statute of limitations. In the same year in which the will of the testator was 3. WILL: statute of proved in the probate court, the plaintiff and limitations: interest. others instituted a proceeding in the circuit court, under the statute, to contest the validity of the will. This proceeding was pending until the year 1870, when it was dismissed, and in the same year demand was made on the executrix for the payment of the legacy, which was refused.

While the suit contesting the will was undetermined, the executrix could not carry into effect the provisions of the will, and could not, therefore, be in default to the legatees. Interest should have been allowed only from the time the suit to contest the will was dismissed, and not from the date of the first annual settlement. The judgment was for the right party, though founded on the wrong breach; but, in consequence of the allowance of excessive interest, the judgment will be reversed and judgment entered here for the sum of $795. The other judges concur.