FREDERICK AYER *vs.* FREDERICK F. AYER & others, administrators.

Middlesex. Jan. 16. — June 30, 1880. COLT & LORD, JJ., absent

A testator, by his will, gave to his brother a fund which he was to set apart and invest, with power to use and expend the principal, the income to go to him during his life, and, at his death, the principal to go to his children, or, in default of children, to the testator's heirs at law. *Held*, that the legatee was entitled to the income of the fund from the death of the testator, and to interest thereon from the expiration of a year after the testator's death.

CONTRACT against the administrators with the will annexed of James C. Ayer to recover a legacy. Writ dated September 23, 1879. The case was submitted to this court on agreed facts, by which it appeared that the testator died on July 3, 1878, and his will was duly admitted to probate; and that, after the entry of this action, the defendants paid the plaintiff the principal sum and interest thereon from the expiration of one year from the death of the testator. The clause of the will relating to the legacy in question appears in the opinion.

If the plaintiff was entitled to recover the income or interest on the legacy for the year succeeding the death of the testator,

judgment was to be entered for the plaintiff for $6000 and such interest thereon as he was entitled to receive; otherwise, for the defendants.

*A. P. Bonney*, for the plaintiff.

*J. G. Abbott*, (*B. Dean* with him,) for the defendants.

MORTON, J. The question presented in this case is whether the plaintiff is entitled to the income or interest, from the death of the testator, of the fund given to him by the ninth clause of the will of his brother. This clause is as follows: "I give and devise unto my brother, Frederick Ayer, the sum of one hundred thousand dollars, but in and upon the trust that he shall invest the same in his name as trustee under the article ninth of this will, and during his life keep the same, or so much thereof as shall remain unexpended as hereinafter authorized, so invested in such property or securities as he shall deem expedient, and all the income accruing therefrom during his life have, receive, and appropriate to his own use, with power and authority to use, expend and apply from time to time so much of the said principal sum or of the property wherein the same shall be invested, to or for his own use as he shall find occasion for and elect to so use and expend. And upon his decease the said sum, or the estate or property wherein the same shall be invested, or so much thereof as then remains unexpended as above authorized, shall be equally divided among and paid to the children of said Frederick, if any, surviving him, to whom the same is hereby given and devised for their use and behoof forever. But if it shall happen that no child of said Frederick shall survive him, then said principal sum or property, or residue thereof then remaining, shall upon his decease be distributed to and among my heirs at law in the same manner and proportions that the same would be if I had deceased at the time of the decease of my said brother Frederick, possessed of the same and intestate."

If we strike out the provision giving Frederick the power of disposing of the principal of the bequest, the construction of the will would be too clear to admit of doubt. It gives to Frederick, without any words of inheritance or perpetuity, a fund, which he is to set apart and invest, the income of which is to go to him during his life, and at his death the principal to go to his

children, or in default of children to the testator's heirs at law. This clearly gives him a life estate only.

The insertion of the provision giving Frederick the power to use and expend the principal does not seem to us to indicate an intention of the testator to give him an absolute property, and such is not its necessary legal effect. He does not clothe the legatee with all the attributes of ownership. He does not give him the power to dispose of the whole or any part of the property by will. This fact, together with the fact that he makes careful provisions for the disposition of the property at the death of Frederick, shows that his intention was not to give him the absolute property, but only a life estate with a power to use and expend the principal. If the legatee had died leaving children, we cannot doubt that such children would take under the will whatever of the principal fund remained undisposed of at his death. *Kuhn* v. *Webster*, 12 Gray, 3. *Johnson* v. *Battelle*, 125 Mass. 453. *Smith* v. *Snow*, 123 Mass. 323. *Herring* v. *Barrow*, L. R. 13 Ch. D. 144. We are of opinion that the plaintiff took under the will a life estate.

This being so, he was entitled to the income of the fund from the time of the death of the testator. The general rule of law is well established, that a tenant for life is entitled to the income of a fund set apart for his benefit from the time of the testator's death. *Sargent* v. *Sargent*, 103 Mass. 297. *Pollock* v. *Learned*, 102 Mass. 49. And this rule is in harmony with the provisions of the Gen. Sts. *c.* 97, § 23, which declare that when, by a will, an annuity, or the rent, use, income or interest of any property, or the income of any fund, is given to, or in trust for the benefit of, a person for life, he shall be entitled to receive the same from and after the decease of the testator. The fact that the testator has given the life tenant a power of disposition over the principal fund does not take this case out of the rule. The effect of doing so would be to take the first year's income from the life tenant, and apply it to increase the general residuum of the estate. The testator's intention to give to this life tenant the income from his decease is as manifest as in any other case of a bequest of income to a life tenant. It is not to be presumed that, because he added a power of disposition, he intended to narrow his gift of the

income for the benefit of a more remote object of his bounty. *Lovering* v. *Minot*, 9 Cush. 151.

It follows that the plaintiff is entitled to recover the income received on the legacy to him for the year succeeding the death of the testator, which the parties have agreed to be six thousand dollars. And as this ought to have been paid to him at the expiration of the year, he is entitled to interest thereon from that time. *Kent* v. *Dunham*, 106 Mass. 586.

*Judgment for the plaintiff accordingly.*