NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1886.

## CLARK *v.* BUTLER.

## *In the matter of the estate of* MARY S. CLARK, *deceased.*

No exception to the ordinary rule—that a legacy, in general, begins to bear interest only at the expiration of a year from the testator's death—is created by the fact that a sum has been bequeathed to one for life, with remainder over; or that the life beneficiary is a *cestui que trust;* or that executors are expressly allowed, in their discretion, to apply interest of a trust fund to the maintenance of an infant beneficiary, during minority.

A bequest of a fund to executors, in trust to accumulate the income during the minority of a legatee. to whom the principal and accumulation are made payable on his arriving at full age, entitles the beneficiary to interest from the testator's death, where he is of age when that happens, or from the date of his reaching majority, where the same occurs within a year thereafter.

A legacy drawing interest draws interest at the statutory rate.

Whether claimants of a legacy under the will of a non-resident decedent, whose personal representative is accounting in this State, are entitled thereto according to the statutes of the state of decedent's late residence, is a question which may lawfully be determined here; though the court has a discretion as to remitting the controversy to the domiciliary tribunal.

Testatrix died domiciled in Massachusetts, leaving no creditors in New York, and nominating different executors, as regarded personal property in the two states, respectively.—

*Held,* that the executor for this State, after setting up certain trusts created by the will, and reserving a sum sufficient to cover the expenses of his administration, should transmit the remaining assets to the foreign representative, for distribution.

CONSTRUCTION of decedent's will, upon judicial settlement of account of William A. Butler, executor thereof. The facts are stated in the opinion.

GEO. C. HOLT, *for executor.*

HORACE RUSSELL, PAYSON MERRILL, *and* CRANE & LOCKWOOD, *for legatees.*

T. E. TOMLINSON, *special guardian.*

THE SURROGATE.—By the fifth article of her will this testatrix bequeathed to her executors $80,000, with the direction that they set apart the same securely invested upon bond and mortgage, or in such other safe manner as they should think best, in trust to receive the income thereof and to apply it as follows :

*1st.* The income of $10,000 to be paid over, as it should accrue and be received by the executors, to Delia Holman during her natural life, the principal sum to be divided at her death among her children.

*2nd.* The income of $10,000 to be paid over in like manner to Cynthia Clark for life, with remainder to her daughter.

*3rd.* The income of $20,000 to be paid to Mary E. Clark for life, remainder to her children.

*4th.* The income of $10,000 to be accumulated by the executors for the benefit of Lillie M. Clark, until she should arrive at the age of twenty-one, and then to be paid to her, together with the principal.

*5th.* The income of $10,000 to be similarly accumulated for the benefit of Jennie P. Clark until she should arrive at the age of twenty-one, and then to be paid to her, with the principal.

*6th.* The income of $20,000 to be accumulated during the minority of the children of George H. Clark, living at the death of the testatrix, such in-

come and principal to be distributed among them equally as they should attain their majority.

The will further provided that the executors might apply any part of the interest of the funds so directed to be held in trust for the benefit of Lillie M. Clark, Jennie P. Clark and the children of George H. Clark to the support and maintenance of those beneficiaries, respectively, if, in the discretion of the executors, such a course should be deemed necessary.

The testatrix died in July, 1884, leaving an estate valued, according to the inventory, at about $120,000, of which amount $83,000 was invested in United States securities, real estate mortgages and railroad bonds. These investments still remain in the hands of the executor. He has not set apart the trust fund for which the fifth article of the will makes provision. In his accounting proceeding now pending in this court, several questions are presented for determination :

*First.* At what rate shall interest be allowed to the several beneficiaries of income, under the provisions above quoted, from article five and from what time shall such interest be computed ?

Delia Holman is a sister of this decedent. Cynthia Clark is the wife of a brother of decedent's deceased husband. The other beneficiaries for life are decedent's nephews and nieces. I hold that, with the exceptions hereafter indicated, these legatees are entitled to nothing by way of interest or income for the year next succeeding the death of the testatrix. That this is the general rule is of course well settled (Bradner v. Faulkner, 12 *N. Y.*, 472 ; Law-

rence v. Embree, 3 *Bradf.*, 364; Vernet v. Williams, 3 *Dem.*, 349). It seems to me that the bare fact that a legacy (not being a legacy of the residue) is given to one person for life with remainder to another, or the fact that the testamentary provision for the life beneficiary is a trust provision, does not serve to prevent the operation of this rule. In such cases the executor is ordinarily under no obligation to set apart the principal sum on which interest is to be calculated until after the lapse of a year from his testator's death, and unless the will otherwise directs, or the situation of the beneficiary, his relation to the testator, or some other circumstance, makes a different construction necessary, the residuary legatee is entitled to the benefit of the first year's income.

In Nahmens v. Copely (2 *Dem.*, 253), I held that one for whom a trust provision was made by a testator, for the application of interest or income of a specified sum to the use of such person, did not, except under special circumstances, become entitled to interest from the testator's death. For the reasons stated in the decision of that case, I do not regard Cooke v. Meeker (36 *N. Y.*, 15) as decisive of the question here presented. As to the first and second of the above quoted provisions from the fifth article, I am of opinion that neither of them began to draw interest until one year after the testator's death. In respect to the third, a different question is presented. Mary E. Clark died in March, 1885. Under the express provisions of the will, her children are entitled to interest on their respective shares of $20,000 from the date of their mother's death (Booth v. Ammer-

man, 4 *Bradf.*, 129; Coventry v. Higgins, 14 *Sim.*, 30).

The testatrix has also definitely fixed the time of payment of certain other of the legacies. At the time of her decease, Lillie M. Clark, Jennie P. Clark and certain of the children of George H. Clark were more than twenty-one years of age. Their legacies, therefore, began to draw interest at once. Others of the children of George H. Clark came of age within a year thereafter. They can justly claim interest from the time when they respectively attained their majority. I do not think that the direction of the will that the executors should have leave in their discretion to apply the interest of certain of the trust funds to the support and maintenance of some of the infant beneficiaries during their minority, brings this case within the doctrine of Nahmens v. Copely (*supra*), so as to warrant the allowance to such beneficiaries of interest from the death of the testatrix. None of these infants were her children, and it does not appear that they were in any way dependent upon her during her life. As to each of them the primary direction of the testatrix is, that the income and interest should be accumulated for their benefit until they should respectively arrive at the age of twenty-one. It is clear that the testatrix did not deem it probable that the income of the several trust funds would be needed, and it is not claimed that it has in fact been needed, for the support and maintenance of these beneficiaries.

*Second.* Such interest as I allow on these legacies may be computed at the legal rate (Nahmens v.

Copely, *supra;* Hoffman v. Penn. Hospital, 1 *Dem.,* 118).

*Third.* The will appoints Mr. Butler, who is here accounting, executor in reference to all property in the State of New York or elsewhere out of the State of Massachusetts. It appoints Mr. Whitney of Massachusetts, executor, as regards personal property in that state. It is not disputed that the decedent at the time of her death was domiciled in Massachusetts. As there are no New York creditors, I agree with counsel for the residuary legatees that this accounting executor, after setting up the $80,000 trusts for which the fifth article of the will provides, and reserving a sum sufficient for covering the expenses of his administration and the costs of this accounting, should transmit the remaining assets to the Massachusetts executor for distribution; but with this exception:

By the fourth article of the will, a cousin of the testatrix, Mrs. Cora S. Hewes, of Pass-Christian, Miss., was bequeathed the sum of $5,000. Mrs. Hewes predeceased the testatrix, leaving eleven children her surviving. These children have been cited to attend this accounting and have appeared. It is insisted on their behalf that, by the law of Massachusetts, they have a lawful claim to the $5,000 to which their mother would now be entitled were she alive to demand it. It is admittedly a question, not of jurisdiction, but of judicial discretion, whether the contention of the Hewes children shall be here determined, or whether the $5,000 involved in that contention shall be remitted to the Massachusetts executor. It often

happens, of course, that questions respecting rights to money or property must be determined in the courts of one state according to the law of another. Whether, by the laws of Massachusetts, the claimants of this legacy are entitled to it, can lawfully be ascertained in this tribunal, to which they have been invited, and it seems to me that they should not be compelled to go to another (Matter of Hughes, 95 *N. Y.*, 55).

*Fourth.* I am not asked to decide at this time whether the provision for the Hewes legacy is still in force, and, in strictness, therefore, am not in a situation to declare whether, upon the hearing of that question, the personal representative of Mrs. Hewes' estate should be made a party; but if the Massachusetts statute is accurately quoted by counsel, it would seem that, if the claim of the Hewes children is well founded, they would take, not as representatives of their mother, but as persons substantively entitled, because of her death, to the $5,000 legacy (Cook v. Munn, 12 *Abb. N. C.*, 344).