## FOSTER *v.* WETMORE.

*(Supreme Court, General Term, First Department.  April 17, 1891.)*

1. WILLS—CONSTRUCTION—RIGHTS OF DEVISEES.
   Defendant was directed by the will of his testatrix to deposit with the United States Trust Company the sum of $10,000, the interest to be paid to plaintiff during her life. The personal estate was insufficient, after payment of expenses and debts, to raise the fund, necessitating a resort to the real estate of testatrix. Testatrix died June 30, 1884, but the fund was not realized from the real estate and deposited as directed until June 19, 1889. *Held,* that the executor was entitled to a reasonable time to raise such sum from the real estate, during which the beneficiary was entitled to no interest from the trust, and that a judgment charging him with legal interest thereon from the decease of the testatrix to the date of the deposit was incorrect.

2. SAME—INTEREST.
   Where a fund directed to be raised by a will remains in bank by consent of the beneficiary thereof, pending the decision of a suit for the construction of the will, such beneficiary will not be entitled to a greater rate of interest thereon than is allowed the executor by the bank.

Appeal from special term, New York county.

Action by Annie E. Foster (revived in the name of Rufus Foster, her executor) against Benjamin Wetmore, executor of Mary Hopeton Drake, deceased, to recover interest upon a trust fund directed by defendant's testator to be created for the benefit of the plaintiff. There was a judgment for the plaintiff, and the defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Williamson & Reynolds,* (*John Bright Stevens,* of counsel,) for appellant. *Clark & Sanborn,* (*Edwin B. Sanborn,* of counsel,) for respondent.

DANIELS, J.  This action was brought by Annie E. Foster, to recover a balance of interest claimed on the sum of $10,000, directed by the will of Mary Hopeton Drake, deceased, to be by the defendant as her executor deposited with the United States Trust Company, and the interest and income thereon to be paid to Annie E. Foster during her life. The testatrix, Mary Hopeton Drake, departed this life on the 30th day of June, 1884, but the money directed to be held in trust was not deposited by the defendant with the United States Trust Company until the 19th of June, 1889. After the receipt of the money by the defendant it was deposited by him in the Central Trust Company, where it remained until it was deposited with the United States Trust Company. During this interval the defendant received about $600 interest on the deposit from the Central Trust Company, and that was by him paid over to the beneficiary in the trust directed to be created; and by

the judgment which has been recovered he has been charged with the difference between that interest and the yearly sum of 6 per cent. since the time of the decease of the testatrix, and this appeal brings in question the correctness of that decision.

The defendant was the only witness sworn upon the trial, and he testified that the testatrix left personal estate amounting to the sum of $38,000, $13,000 of which was specifically bequeathed, and that the balance was devoted to the payment of funeral expenses, probate and other expenses of the will, debts, and other expenses afterwards paid, leaving real estate only out of which this and other trust funds could be realized; and, as his evidence was in no respect controverted, there seems to be no impropriety in assuming this to have been a truthful description of the condition of the estate, especially as that evidence was followed by the court in making its decision.   So much of the will as is in question in this action, is the following:  "All the rest, residue, and remainder of my estate, both real and personal, I order and direct my executor hereinafter named, or whoever shall undertake the execution of my will, to sell at public or private sale or sales, and at such time or times as they may think for the best interest of my estate, and to convert the same into cash.   And I hereby authorize and empower my said executor to give good and sufficient deeds for the conveying to the purchaser or purchasers of said real estate the title thereto.   Out of the proceeds of such sale or sales I order and direct my said executor to pay over the following amounts to the following persons and parties, respectively, and I do hereby give and bequeath the same as follows:  *  *  *  I order and direct my said executor to pay over the sum of ten thousand dollars to the United States Trust Company in the city of New York, and I direct the said company to hold the said money in trust, and invest and keep the same invested upon such securities as they may deem safe, to receive the interest and income therefrom, and to pay over the same as received unto Mrs. Annie E. Foster, wife of Rufus Foster, now living in Quincy, Massachusetts, for and during her natural life; and upon her death I order and direct my said trustees to pay five ti a-and dollars of the principal of said trust property to her daughter Susan E. Foster, and the remaining five thousand dollars of the same to her daughter Mary Hopeton Drake Foster, to whom I give and bequeath the same."   To obtain the money to create this trust it was within the contemplation of the testatrix, Mary Hopeton Drake, that her real and personal estate must be sold, and it was out of the money to be thereby obtained the trust was intended and directed to be created.   This sale was not to be immediately made, but at such time as the person undertaking the execution of the will might think for the best interest of the estate; and while an indefinite postponement was not within the power vested in that person, it is still evident that the testatrix was aware of the fact that it could not take place immediately after her own decease.   The money to create this trust was obtainable from no other source, and it was only after it should be so obtained that the deposit was directed to be made, and the interest and income therefrom to be paid over to the plaintiff commencing this action, and who seems to have died after the appeal was taken. It therefore could not have been intended or expected from these directions in the will that she would receive any benefit from this trust until some period of time after the decease of the testatrix.   The defendant, who is the person who undertook the execution of her will, was entitled to a reasonable time to raise this sum of money, before he was obligated to deposit it in the United States Trust Company, and during that time the beneficiary was entitled to no benefit, interest, or income from the trust.   The judgment charging him with legal interest from the decease of the testatrix, was therefore not warranted by these directions contained in the will.

Authorities have been brought to the attention of the court sustaining the right of the beneficiary to interest from the decease of the testator, where

similar trusts have been directed; but the circumstances in those cases were such as to provide the executor with the means of creating the trust at once by the appropriation of interest-bearing securities owned by the estate, and directed to be devoted to that object. In *Townsend's Appeal*, 106 Pa. St. 268, this principle was applied to a general direction, which seems to have been capable of immediate observance; and it was said by the court that "when a sum is left in trust, with direction that the interest and income shall be applied to the use of a person, interest will run from the death of the testator, especially when it appears to have been the intention of the testator that the legacy shall be paid by transferring securities bearing interest at the time of his death. Under such circumstances, all the authorities concur in holding that the accruing interest upon the securities, from the time of the testator's death, should go to the use and maintenance of the beneficiaries." Id. 273, 274. And many other cases will be found illustrating and applying the same principle. Among them are the cases of *Pierce* v. *Chamberlain*, 41 How. Pr. 501; *Powers* v. *Powers*, 1 N. Y. Supp. 636,—and its correctness is sanctioned by *Cooke* v. *Meeker*, 36 N. Y. 15. But where one species of property has beeen directed to be converted into another, which is the direction contained in this will, and applicable to this case, there it has been said "to be consistent with the will of the testator to consider the life-interest as commencing when the conversion takes place, or the investment is made, either within the year, or at the expiration of that time." *Williamson* v. *Williamson*, 6 Paige, 298, 305. And that was approved in *Cooke* v. *Meeker, supra*. Interest cannot be demanded until the principal is payable. *Valentine* v. *Ruste*, 93 Ill. 585; *Brown* v. *Knapp*, 79 N. Y. 136, 144. And this principal was not payable until the property could be converted into money, from which it was to be obtained, which was some time subsequent to the decease of the testatrix, whose will provided for the creation of the trust. The circumstances and condition of the estate are to be consulted, to ascertain and discover the design of the testatrix in giving the directions to be complied with. *Lyon* v. *Association*, 5 N. Y. Supp. 326; *Wheeler* v. *Ruthven*, 74 N. Y. 429. And where the time for the conversion of the property has been left indefinite, as this will has left it, there interest will not be chargeable until the sale has been made and the fund has been realized, provided ordinarily that it will not be allowed to exceed one year from the issuing of letters testamentary on the estate of the testator. *Loder* v. *Hatfield*, 71 N. Y. 92; *Van Rensselaer* v. *Van Rensselaer*, 113, N. Y. 207, 215, 21 N. E. Rep. 75; *Clark* v. *Butler*, 4 Dem. Sur. 378. *Lynch* v. *Pyne*, 52 How. Pr. 435, may be considered to be at variance with this rule, but so far as it shall be found to be so, it cannot be followed as authority. In *Ayer* v. *Ayer*, 128 Mass. 575, there was no obstacle in the way preventing the immediate appropriation of the fund, which distinguishes it directly from this action. The books abound with other authorities creating exceptions to this rule, and arising out of the presumed intention of the testator, where the provision is designed to afford support to an infant, or to compensate a widow for relinquishing her dower, or for the final disposition of the residue of the estate; but neither of these circumstances enters into this action, as the plaintiff resided with and was supported by her husband, and that class of decisions has no application here. But as there was no conversion of the estate into money during the year from the issuing of the letters testamentary, and the defendant cannot be said to have unreasonably delayed the sales made by him during that time, interest should not have been charged against him until the year had expired, and when he should have had the fund in hand to deposit in the United States Trust Company. 3 Rev. St. (6th Ed.) p. 98, § 54. Legacies and funds to be held in trust, under the seventh paragraph of the will, amounted to upwards of $120,000. And the sales of the real estate to obtain money to satisfy them continued, according to the defendant's evi-

dence, from April, 1885, to the early part of May, 1886. The sales were deferred to secure better prices for the property, and thereby afford a benefit to the persons and societies included in subsequent portions of the will, and whose legacies cannot now be paid in full, but will be subject to a large proportionate abatement. This, however, was not a legal excuse for not providing the fund for the creation of this particular trust within one year from the decease of the testatrix. But whether this will equitably subject the defendant to the payment of 6 per cent. interest during that delay or its further continuance in the omission to make the deposit with the United States Trust Company, is certainly not so clear. The money was deposited with the Central Trust Company, and the interest allowed by that company was paid over to this beneficiary. But whether any greater rate would have been allowed by the United States Trust Company was not shown, and it therefore did not appear what injury had resulted from the failure to deposit in the company named in the will as the depositary of this trust fund. That the defendant was liable for interest while the sales were delayed by him of the letters testamentary for the benefit of later legatees must be conceded; but, whether that interest should exceed the rate which the United States Trust Company would have paid, is by no means so clear, (*Livermore* v. *Wortman*, 25 Hun, 341;) and in the present condition of this action, it will not be proper to attempt a solution of that question.

The defendant further testified that the beneficiary in this trust, Mrs. Foster, applied to him to make some disposition of this trust fund by which she would obtain more interest than the trustee would pay, and, as a suit was to be commenced for the construction of other parts of the will, requested him to make that subject a part of the suit. This request he stated had been made by letter, which he was made to produce; but in the statement made by him, he has been corroborated by the form given to the complaint in that action, and the answer of this beneficiary, and the letters received in evidence which were written to her attorney. This suit was begun early in 1887, and completed in March, 1889; and it resulted in a refusal of this request, and three months after that this trust fund was taken from the Central Trust Company, and deposited under the will with the United States Trust Company. And during the pendency of that suit the defendant has also been charged with interest on the fund at the rate of 6 per cent. This was an erroneous charge, for while the suit was pending in part for her benefit, and the money remained with the Central Trust Company with her assent, she was entitled to no greater rate of interest than was allowed by that company. During that time he was not in default, but was endeavoring to secure a benefit applied for by her, and should have been charged with no more interest than he received. It is for the default of the executor that he can be charged with legal interest, and while the suit was in progress he was not in default for not paying the money to the United States Trust Company. *State* v. *Adams*, 71 Mo. 620. The suit was there instituted by the legatee and others, and it was said in the decision that "while the suit contesting the will was undetermined, the executrix could not carry into effect the provisions of the will, and could not, therefore, be in default to the legatees. Interest should have been allowed only from the time the suit to contest the will was dismissed. Id. 622. And this principle is applicable to the disposition of so much of this charge of interest, and it was followed in *Vandergrift's Appeal*, 80 Pa. St. 116; and *Hamilton* v. *Porter*, 63 Pa. St. 332, proceeds on the soundness of this rule. *In re Godon*, 1 Dem. Sur. 118, and *Kent* v. *Dunham*, 106 Mass. 586, may not be entirely harmonious with it, but its essential justice must still, under the facts of this case, commend it to the approval of the court. Other authorities have been cited, which do not require further notice, except, perhaps, *Loder* v. *Hatfield*, 71 N. Y. 93; but there a charge had been made upon lands which was held to become obligatory on

the devisee from the time of the testator's decease, as the land yielded an income from that time. This latter circumstance, which was there held to be controlling, renders it inapplicable here, for the reason already given. The judgment is erroneous, and it should be reversed, with costs to the appellant to abide the result of another trial to be ordered.