## MARTHA CATRON'S ESTATE.

### Kansas City Court of Appeals, January 8, 1900.

1. **Wills:** CONSTRUCTION OF: INTEREST ON LEGACY: ANNUITY. The general rule that interest is not payable on a legacy until one year after the death of the testator does not apply where the legacy consists of the net interest or income of a given sum. The interest being the legacy itself is collectible from the death.

2. ———: ———: ———: CONTEST: ESTOPPEL. A legatee whose legacy consists of interest on a given sum is not estopped to collect such sum by reason of the fact that he contested the will. Such estoppel, if allowable at all, could only apply to ·the interest on such interest for the time the contest delayed payment.

3. **Appellate Practice:** NO OBJECTION BELOW: TOO LATE ABOVE. Where an appellant fails to call the attention of the trial court to an excess in its finding, it can not raise such question in the appellate court.

Appeal from the Lafayette Circuit Court.—*Hon. Richard Field,* Judge.

AFFIRMED.

*John E. Burden* for appellant.

(1) Executors and administrators shall not be compelled to make distribution or pay legacies until one year after the date of the letters, unless the legacies specified would be perishable or subject to injury if retained one year. R. S. 1889, secs. 237, 238; Way v. Priest, 13 Mo. App. 555; s. c., 87 Mo. 180; Powell v. Palmer, 45 Mo. App. 243. (2) No interest can accrue upon a legacy until it becomes by law the duty of the executor to pay the legacy. Bradner v. Faulkner, 12 N. Y. 472; Welsh v. Brown, 14 Vroom. 43; N. J. L. 37; Bartlet v. Slater, 53 Conn. 102; s. c., 55 Am. Rep. 73; Lewis v. Carson, 16 Mo. App. 361; Way v. Priest, 13 Mo. App. 555;

Thorn v. Garner, 113 N. Y. 198; Howard v. Francis, 3 Stew. (30 N. J. Eq.) 444; Clarke v. Sinks, 144 Mo. 448; Halsted v. Meeker's Executors (3 C. E. Green), 18 N. J. Eq. 136. (3) The time for the payment of the legacy was postponed by the action of Frances Evaline McFadin, brought within the first year of administration, contesting the will of her mother, Martha Catron, deceased. Interest will not commence to run in favor of a legatee until the contest over the will is determined. State ex rel. v. Adams, 71 Mo. 620; Vandergrifts Appeal, 80 Pa. St. 116; Trustees, etc., v. Morris, 36 S. W. Rep. (Ky.) 2; Commonwealth v. Turley Ex., 4 Bush. (Ky.) 399. "The action of the probate court becomes wholly void by such contest, so far as the efficacy of the will is concerned." Lamb, Adm'r, v. Helm, Adm'r, 56 Mo. 432. (4) Until the $5,000 legacy was paid over by the executor to the trustee of Frances Evaline McFadin, there was no fund to produce interest. The only interest to be paid to Mrs. McFadin is the interest derived from the investment of the money received by the trustee from the executor. Paul v. Williams, 13 N. Y. Supp. 701; Welsh v. Brown, 14 Vroom. 43 N. J. L 37; 2 Rop. on Leg. 877.

*William Aull* for respondent.

(1) The income of five thousand dollars, a designated portion of the estate, is by the will bequeathed to the respondent Frances Evaline McFadin for life and this income constitutes her legacy. There is no question of interest upon a legacy in this case and she is not asking for interest upon her legacy, but is asking for, and the lower courts gave her, her legacy itself. The income is her legacy and not interest on her legacy. Matter of Stanfield, 135 N. Y. 292; Cooke v. Meeker, 36 N. Y. 15; Pierce v. Chamberlain, 41 How. Pr. 501; Matter of Lynch, 52 How. Pr. 367; Powers v. Powers,

16 St. Rep. 770; Barrow v. Barrow, 29 St. Rep. 240; Matter of Fish, 19 Abb. Pr. 209; Craig v. Craig, 3 Barb. Ch. 76; Hilyards Estate, 5 W. & S. 30; Eyre v. Golding, 5 Binn. 472; 2 Woerner's Am. Law of Adm. [2 Ed.], sec. 1006; Bartlett Petitioner, 163 Mass. 509, sec. 521. (2) Where the income of a designated portion of an estate is given to a legatee for life, such legatee becomes entitled to whatever income accrues thereon from and after the death of the testatrix, and the legatee may require the executor to account to her from that time. Matter of Stanfield, 135 N. Y. 292; Cooke v. Meeker, 35 N. Y. 15; Pierce v. Chamberlain, 41 How. Pr. 501; Matter of Lynch, 52 How. Pr. 367; Powers v. Powers, 16 St. Rep. 770; Barrow v. Barrow, 29 St. Rep. 240; Matter of Fish, 19 Abb. Pr. 209; Craig v. Craig, 3 Barb. Ch. 76; Hilyard's Estate, 5 W. & S. 30; Eyre v. Golding, 5 Binn. 472; 2 Woerner's Am. Law of Adm. [2 Ed.], sec. 1006; Bartlett Petitioner, 163 Mass. 509, 521. (3) Where a residue of an estate or an aliquot part thereof, or a particular fund severed from the bulk of the estate, or the interest, or income thereof, is bequeathed to one for life, remainder over, and no time fixed for the commencement of the interest or enjoyment, it is established that the life tenant is entitled to the actual income thereon from the death of testator. 13 Am. and Eng. Ency. of Law [1 Ed.], p. 190; Townsend's Appeal, 106 Pa. St. 268; Flickwir's Estate, 136 Pa. St. 374; Pell v. Mercer, 14 R. I. 412-432; Lovering v. Minot, 9 Cush. 151; Pittman v. Johnson, 35 Hun. 38; Green v. Blackwell, 32 N. J. Eq. 768-773; Van Blarcom v. Dager, 31 N. J. Eq. 7, 183-195; Ayer v. Ayer, 128 Mass. 575; 13 Am. and Eng. Ency. of Law, p. 190, sec. 5; 2 Williams Executors [7 Eng. Ed.], 1391 [7 Am. Ed.], p. 741; Angerstein v. Martin, I. T. & R. (Eng.), 232; Hewitt v. Morris, I. T. & R. 241; Pickwick v. Gibbs, 1 Beav. 271; La Tornier v. Bidmer, 2 Sim. (Eng.) 18; Douglas v. Congrove, 1 Keen (Eng.) 410; Dimes v. Scott, 4 Ruse (Eng.) 195; Taylor v. Clark, 1 Hare (Eng.) 161; MacPher-

son v. MacPherson, 1 Macg. H. L. (Eng.) 243; Brown v.
Gelatly, L. R. 2 Ch. App. (Eng.) 751; Well v. Putnam, 70
Me. 209; Minot v. Thompson, 106 Mass. 583; Sargeant v.
Sargeant, 103 Mass. 297-299; Pollock v. Larned, 102 Mass.
49-54; Bradlee v. Andrews, 137 Mass. 50; Lovering v. Minot,
9 Cush. (Mass.) 151; Treadwell v. Cordes, 5 Gray (Mass.),
34; Healey v. Toppan, 45 N. H. 243; Guthrie v. Wheeler,
51 Conn. 207; Lawrence v. Company, 56 Conn. 423-439; Pell
v. Mercer, 14 R. I. 412-432.   (4)  Where no trustee has been
appointed it is the duty of the executor to hold the fund and
to pay the income from time to time to the life legatee.   Car-
son v. Carson, 6 Allen (Mass.) 397-399; Dorr v. Wainright,
13 Pick. (Mass.) 328-331; Dale v. Johnson, 3 Allen (Mass.)
364-367; Claggett v. Hardy, 3 N. H. 148; Wheeler v. Perry,
18 N. C. 148; Davis v. Crandall, 101 N. Y. 311.

GILL, J.—This is an appeal from a final order of dis-
tribution made in the estate of Mrs. Martha Catron, who died
in Lafayette county in March, 1891.  At the date of her
death Mrs. Catron left an estate valued at about $100,000,
and consisting of both real and personal property.  She had
only two children—James H. Catron and Mrs. Frances Eva-
line McFadin, and both living separate and apart from their
mother.  The deceased left a will by which she set apart and
gave to her daughter, Mrs. McFadin, during her life, the net
interest or income from $5,000 which was directed to be
loaned by a trustee, and which at the death of Mrs. McFadin
was to vest absolutely in her children.  The entire remain-
der of the estate was devised and bequeathed to said James H.
Catron, son of the deceased.

Shortly after the decease of Mrs. Catron, and before the
trustee had taken charge of the $5,000, the income of which
was to go to Mrs. McFadin, the latter commenced a suit to
contest the will, and on the ground of the alleged incapacity
of the testatrix and undue influence exercised over her by

James H. Catron, the principal legatee.    This litigation was protracted through a series of years, was twice in the supreme court (120 Mo. 252 and 138 Mo. 197), terminating however in June, 1897, in the establishment of the will.

In the beginning of this litigation, the probate court, as the statute provides in such cases, appointed J. Q. Plattenburg administrator *pendente lite* of the estate of Mrs. Catron. Said administrator took charge of the assets and under the direction of the court so managed and loaned the funds, that on his final settlement, and turning back of the estate into the hands of the executor in October, 1897, there was a net gain or increase thereof of $5,448.83.    Shortly thereafter the executor made final settlement, reporting the money and assets received from the administrator *pendente lite*, and the probate court proceeded to make final distribution, ordering the net balance of money on hand to be paid out as follows:

"To the trustee of Mrs. Frances Evaline Mc-
  Fadin and her heirs the sum of.........$ 5,000.00
"To Mrs. Frances Evaline McFadin the interest
    accumulated on said sum during the pen-
    dency of the suit contesting the will of de-
    ceased, after paying the taxes and costs, the
    sum of .............. ...............  ......$1,564.50
"To James Henry Catron, residuary legatee, the
  . sum of...... ......... ...... ....... ..$21,155.25"

From this order the executor and James H. Catron, residuary legatee, appealed to the circuit court, where the judgment of the probate court was affirmed, and said parties then appealed to this court.

1.    In addition to the foregoing, it is proper to state, that before the trial in the circuit court, the executor paid over the $5,000 to the trustee of Mrs. McFadin and her children, leaving as the sole matter in controversy, the $1,564.50 which the probate court directed to be paid to Mrs. McFadin as the net "interest accumulated on said sum ($5,000) during the pendency of the suit contesting the will of deceased."

There is a general rule in the distribution of general legacies that interest thereon will not be allowed for the first year after the death of the testator. The reason for this rule is that such legacies are not ordinarily due or payable until after the year—that time being given to the executor to inform himself of the condition of the property and be prepared for such payments. Analagous to this our statute of distributions provides that executors shall not be compelled to pay legacies until one year after the date of letters of administration. On the basis, now, of this doctrine the executor and residuary legatee contend that Mrs. McFadin is not entitled to the interest that accrued and accumulated on the $5,000 legacy carved out of Mrs. Catron's property. It is, in effect, claimed that the trustee had no right to call for said legacy until the expiration of the year—that it was not payable until after that time, and hence no income or interest could be rightfully claimed as arising from the $5,000 during that period. And further it is insisted that Mrs. McFadin had no right to interest on the money (the income of which was bequeathed to her) even after the year had gone by and while she was attacking the will by a pending suit.

On the other hand, counsel for Mrs. McFadin take the position that under the will of her mother, said Mrs. McFadin became entitled to the income or profit arising from a designated portion of the estate; that this income was her legacy, and that the executor had no greater right to take said income or any part thereof from her than to appropriate said $5,000 bequeathed to her children.

Counsel for both sides have furnished exhaustive briefs, citing numerous authorities, the most satisfactory of which we proceed to notice. Eyre v. Golding, 5 Binn. 472, was a case very similar to this. Mrs. Golding's father died leaving her by will the annual interest of a certain sum taken from the estate, said interest to be paid during the life of the legatee, and at her death the principal sum to be equally di-

vided between her children. The executor refused to pay the interest accruing the first year, and on a suit brought therefor by Mrs. Golding she was allowed to recover. After stating the general rule, that where a pecuniary legacy is given with no time of payment mentioned, it is not payable till the end of a year from the death of the testator, nor carry interest until after the first year, Tilghman, C. J., proceeds to say, that to this rule there are exceptions, naming among these the legacy to a child the support of which is not provided for, and where it will be understood that interest will be allowed from the death of the testator. "The devise in the present instance," says the learned judge, "is not of a gross sum, but in the nature of an annuity. There is a difference between a legacy of a sum of money to one for term of life, and a bequest of a sum to be paid annually for life. In the former case, the legacy, not being payable till the end of a year from the testator's death carries no interest for the year. But in the latter, the first payment of the annuity must be made at the end of the first year, or the intention of the testator is not complied with. You must count the time immediately from his death, or the legatee will not receive the annuity annually during her life."

In re Hilyard's Estate, 5 W. & S. 30, decided by the same court, is still more in point. Hilyard gave unto his executors the sum of $10,000 in trust, to be put at interest on good security, with instructions "to pay and apply the interest and income thereof, from time to time, when as the same shall be got in and received, unto my sister Keziah Tomlinson for and during all the term of her natural life," and at her death said sum of $10,000 to be equally divided between the children of the testator's brother, etc. It was there held that the sister, Keziah, was entitled to the interest growing out of and accruing on said $10,000 from the date of the testator's death. The court there adopted practically the same views

as announced in the case reported in 5 Binney. "Interest," says the court, "is in its nature an annual profit."

In Ayre v. Ayre, 128 Mass. 575, the same principle was involved. In that case the testator by his will gave to his brother a fund, the income of which was to go to him during his life and at his death said fund to pass to his children; and it was there held that the said brother was entitled to the income of the fund from the death of the testator. It was said that, "The general rule of law is well established that a tenant for life is entitled to the income of a fund set apart for his benefit from the time of the testator's death."

In Flickwirs' Estate, 136 Pa. St. 374, the provision of the will read: "I give and bequeath to my executors here inafter named" (certain sums of money differing in amount to different persons) "in trust, nevertheless, to pay the interest and income to A. B. for life, and at her death to pay the principal to C. D.," etc. The syllabus which is supported by the text of the opinion, declares that, "the rule that interest upon legacies does not commence to accrue until one year after the death of the testator, being one of administrative convenience only, gives way at all times to the testator's intent, whether expressed, or whether implied from the general scheme of the will or from the situation of the legatee, etc. There is no substantial difference, in legal aspect, between the gift of an annuity for life, and one of the interest or income of a fund for life; nor between the gift simply of interest, and that of interest payable annually; in all these cases, if no actual intent to the contrary appears, the annuity, interest, or income commences to accrue to the legatee at the death of the testator."

To same effect is Townsends' Appeal, 106 Pa. St. 268, where conceding the general rule to be "that pecuniary legacies are not payable until a year after the testator's death, and in the meantime do not bear interest," yet states that, "to this rule there are some well recognized exceptions, such as a

legacy by a parent to the child, or by one *in loco parentis*, by way of maintenance, where the possession of the principal is deferred; * * * and also where interest in the nature of an annuity is given, if by implication from the terms of the instrument, the legacy is given for support."

In the opinion last referred to, Cooke v. Meeker, 36 N. Y. 15, is cited. That case is perhaps more frequently mentioned than any other bearing on the question. And although criticised by some courts, it deserves, in my opinion, to be classed as a very sound exposition of the law. It would extend this opinion beyond reasonable limits to state the force and breadth of that opinion. After a full review of the authorities it is there declared, "that when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death."

The New York court of appeals in another and later case —Matter of Stanfield, 135 N. Y. 292—followed the line of the foregoing authorities, and decided, in a case similar to the one at bar, that the life legatee was entitled to the interest accruing or accumulating from the death of the testator. "Where," says the court, "the income of an estate, or of a designated portion, is given to a legatee for life, we think it is clear that he becames entitled to it whenever it accrues; and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time. The rule that general legacies shall not bear interest until the expiration of one year from the grant of letters testamentary, or of administration, has no application in such a case. It is, by its terms, limited to general legacies payable out of the corpus of the decedent's estate. In the present case (referring to the case then under consideration and similar to this) the bequest is not a part of the principal of the estate, or of any property possessed by the testator in his lifetime; but of that which is to arise or accrue

after his death from a specified fund to be set apart for that purpose. It is the income which constitutes the respondent's legacy. He is not seeking to charge the estate with interest upon his legacy, but is simply endeavoring to secure the legacy itself, and his effort, therefore, involves no infringement of the rule regulating the payment of interest upon general legacies." Among the numerous authorities examined and which sustain the foregoing, we call attention to Pierce v. Chamberlain, 41 How. Pr. (N. Y.) 501; Matter of Lynch, 52 How. Pr. 367; Green v. Blackwell, 32 N. J. Eq. 768; 2 Redfield on Wills, 472; 2 Woerner's Law of Adm. [2 Ed.], 1006.

From the reason and holding of these authorities we conclude that under the will of Mrs. Catron, her daughter, Mrs. McFadin, became at once, on the death of the testatrix, vested with an absolute title to whatever interest or net income thereafter arose from said $5,000. As well said by a *nisi prius* judge in one of the cases cited: "The donee of a sum in gross receives all that the donor intended, when he paid that sum at a time fixed for distribution; the donee of a yearly sum for life, or a less term, receives less if one year is cut out from the period. In the one case, interest is a mere adjunct to the legacy, and may be withheld without impairing the substance of the gift; in the other, interest is itself the legacy, and must be paid in full, or the legacy will be diminished."

The purpose at last in all such cases is to follow the will of the testator and to distribute the property according to the true intent thereof. In reading Mrs. Catron's will, we have no doubt that she intended that immediately upon her death Mrs. McFadin should receive, hold and enjoy for her maintenance and support the net profit, interest or income to be derived from the $5,000 set apart for that purpose. It seems that the testatrix had from time to time contributed to this daughter's support. The husband of the latter, it seems, was in rather poor circumstances financially, and not able likely

to support his wife and family in the way desired by the tes·tatrix. It was then the design of the will maker to add materially to the resources and secure a more comfortable support for her daughter than she could get from the limited income of the husband.

We have examined the authorities cited by the learned counsel for the executor and residuary legatee, and though some of them lend support to his contention, we yet think the weight of authority and the better considered cases are in harmony with the decision here reached.

2. We fail to discover wherein the case of State ex rel. Nichols v. Adams, 71 Mo. 620, applies to this controversy, unless it be to the point as to whether or not Mrs. McFadin is estopped to claim under the will of her mother, because she sought by a proceeding in court to have it set aside. As to that, the decision is clearly adverse to these appellants; it was there held that estoppel did not apply. If Mrs. McFadin was seeking to add interest to her income by reason of the non-payment thereof during the six years involved in the contest of the will, then it might be well said that she had no just claim for such interest because the delay in accounting to her was the result of her own conduct. But no such claim for interest upon interest is made here. She is contending only for the principal of her income and not for interest or damages for failing to pay it sooner.

3. The suggestion contained in appellant's reply brief that at all events the amount allowed to Mrs. McFadin by the lower court was in excess of what she is entitled to, comes too late. No such matter was complained of in the circuit court —in the motion for new trial or otherwise, and hence the objection can not for the first time be raised here. If the finding and judgment was excessive appellants should have made timely objection thereto so that the same could have been corrected in the lower court.

On the undisputed facts the judgment is for the right party and will be affirmed. All concur.