(37 Misc. Rep. 628.)

## LYONS et al. v. STEINHARDT et al.

(Supreme Court, Special Term, New York County.    April, 1902.)

1. EQUITY—JURISDICTION—CONSTRUCTION OF WILL.
   Where a will makes bequests to eleven infants, which are not to be paid until they are 21, and the executors are to hold the legacies in the meantime as trustees, equity will give instructions as to the proper disposition of the income during such period; the will having failed to make any provision in the matter.

2. SAME.
   Where the supreme court has acquired jurisdiction of a suit to construe a will, it will decide all questions involved in the controversy.

3. WILL—LEGACIES A CHARGE ON REALTY.
   Testator, after giving certain legacies, bequeathed all the rest of his estate to his brother; the will containing no power of sale. Held, in the absence of extrinsic proof of testator's intention so to do, the legacies were not a charge upon the residuary estate

4. SAME—PREFERENCES—PAYMENT OF LEGACIES.
   Where the final clause of a will gives a legacy, which it directs shall be paid before the division of the estate as provided for in the preceding residuary clause, such legacy is not entitled to any preference in payment over other legacies given by clauses preceding the residuary clause.

5. SAME—RIGHT TO INTEREST.
   Where legacies are payable to infants on their coming of age, they do not carry interest during the minorities of the infants, unless testator stood in loco parentis as to such infants.

6. SAME—ABATEMENT.
   Testator gave legacies to certain infants, and also to adults. The personalty was insufficient to pay all the legacies, and testator died on the day after he had made his will. Held, that the correct rule of abatement was first to abate all the legacies proportionately, and pay off the adult legatees, and to add to the amount due each infant at the time of the payment of each adult the proportionate amount of the increase of the personalty, and also on every subsequent occasion of a payment to an infant legatee, provided that the payment to no infant should exceed the face of his legacy.

Action by Raphael Lyons and Benjamin Lyons, executors of Philip Lyons, against Louise Steinhardt and others, to construe a will.    Judgment rendered.

Mr. Rosenzweig, for plaintiffs.
Howe & Hummel (Nathaniel Cohen, of counsel), for defendants.

GREENBAUM, J.    Philip Lyons, deceased, left a last will and testament, executed on March 18, 1900 (the day before his death), in which he devised certain specific pieces of real estate, bequeathed numerous cash legacies, aggregating $71,500, and devised and bequeathed "all the rest, residue, and remainder of my estate, both real and personal, and wheresoever situated, and of whatsoever kind and nature, to my brothers Benjamin Lyons and Raphael Lyons." At the time of his death the value of the personalty of the testator was not quite $53,000, from which is to be deducted costs of administration, transfer tax, attorney's fees, and possibly some minor obligations.    In addition to the real property specifically devised, the testator died seised of two pieces of real estate, in which he had an equity of about $11,000.    It is thus apparent that not only is the

personal estate insufficient to pay the legacies in full, but, even with the addition of the real property devised in the residuary clause of the will, the total value of these properties would be less than the aggregate of the legacies. Among the legatees are 11 infants, whose bequests are "not to be paid until they are twenty-one years old," and of whom 2, named Arthur Lyons and Estelle Lyons, children of a deceased brother, were special protégés of the testator, who during his lifetime, and up to the time of his death, had paid to their mother, his sister-in-law, after his brother's death, about $700 annually towards the maintenance of these children. It also appears that the final testamentary clause of the will, known as "Paragraph 13," provides for the payment of $500 each to an "aunt, Lucy Ezekiel, and her daughters, to be paid before the division of the estate as set forth in the preceding paragraph, No. 11," which is the residuary clause.

The plaintiffs bring this suit for the construction of the will, and ask the court to declare and determine the following matters: (a) Whether the cash legacies are charges upon the residuary real estate; (b) whether the legacies mentioned in paragraph 13 come within the same category as the cash legacies mentioned in the clauses preceding the residuary clause, and to be treated in the same manner as the other bequests; or, (c) whether the legacies in paragraph 13 are to be preferentially charged upon the residuary real estate; (d) whether the income or interest accruing from the principal of the cash legacies bequeathed to the infant nephews and nieces, and which in each case was not to be paid until the legatee arrived at the age of 21 years, shall be applied towards the deficit of the cash legacies, or be held and used for the benefit of the said infants, respectively, during their minorities, or shall be treated as part of the residuary, and be payable to the residuary legatees and devisees; and (e) whether the income to be derived from the bequests of the infants Arthur Lyons and Estelle Lyons is not payable to them during their minority, by reason of the fact that the testator stood, as to those infants, in loco parentis.

Certain of the defendants, named Steinhardt, nephews and nieces of the testator, have interposed answers denying that the will is ambiguous or uncertain. These defendants also maintain that the questions raised by the plaintiffs are determinable in accounting proceedings in the surrogate's court, and that therefore this court should not assume jurisdiction. Inasmuch as the plaintiffs are trustees of the personalty bequeathed to the various infants referred to, and will necessarily be obliged to act as said trustees for many years to come, owing to the very youthful age of many of the infants, the court will entertain jurisdiction of all the matters involved in the controversy. Wager v. Wager, 89 N. Y. 161.

With respect to the defense that the provisions of the will are clear and unambiguous, and require no judicial construction, it may be said that while, after a careful consideration of the provisions of the will, it may be held that most of them are not ambiguous or uncertain, yet it will suffice for the purpose of this case to refer to the contention that concededly is here presented between the par-

ties, as to the proper disposition of the income of the principal of the legacies bequeathed to the various infants, as reason sufficient for holding that there is uncertainty enough in that regard to warrant the bringing of this suit. We will now pass to the consideration of the questions raised.

The cases, from Lupton v. Lupton, 2 Johns. Ch. 614, to Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332, show the settled law of this state to be that such language as is contained in the will under consideration will not warrant a finding that the legacies constitute a charge upon the residuary real estate. As there is no power of sale, and as there were no circumstances disclosed upon the trial showing a different intention on the part of the testator, and as none of the parties seem to differ on this point, it will be held that the legacies are not charges upon the real estate.

As to paragraph 13, it seems clearly to have been intended that the legacies therein mentioned were to be treated as the other legacies; and it will be therefore held that they should, in all respects, follow the fate of the other legacies.

The next question relates to the disposition of the income of the principal of the bequests made to the minor infants. The general rule as to payment of interest or income on legacies is laid down in Brown v. Knapp, 79 N. Y. 141, and is there stated to be:

"That when a time is specified for the payment of a legacy, and there is no direction as to interest, the legacy will carry interest only from the time the legacy is payable. But to this rule there is a well-defined exception. When there is a legacy to a minor child or to an infant, as to whom the testator is in loco parentis, and such legatee has no other provision nor any maintenance in the meantime allotted by the will, the legacy, although payable at a future day, carries interest from the death of the testator."

The defendants Steinhardt cite In re Goble's Will (Sur.) 10 N. Y. Supp. 18, as authority for allowing interest on the legacies of the minors. In that case the learned surrogate placed his determination upon an intention of the testator, which he there spelled out, to set apart the bequest for the benefit of the legatee, with all the advantages that might be derived from accumulations; and he expressly stated that no case could be found in this state where the distinction there sought to be made had been recognized. In the case at bar there are no circumstances disclosed which would justify the court in holding that the general rule discussed in Brown v. Knapp, supra, is not here applicable, and it therefore follows that interest on the shares of the minors should not be allowed.

With respect to the special plea that an exception should be made in the cases of the infants Arthur and Estelle Lyons, on the ground that the testator stood to them in loco parentis, the facts, in my judgment, will not warrant this conclusion. It is true that in a sympathetic letter written to the mother of the infants five years before testator's death, and immediately after the death of the father of the infants, the testator expressed himself as being ready to "do his utmost" for her daily wants, and that he would advise her, "and look out for your future in life, and those of your children," and it is also true that it appears that he had contributed yearly about

$700 towards the maintenance of these children; yet it does not appear that he stood in loco parentis towards them,—that is, that he treated them as a father would his children. He undoubtedly was kind and generous towards them, and showed a substantial interest in their welfare; but these acts are not equivalent to a relationship which is understood by the phrase "in loco parentis," especially when it appears that, instead of singling them out in his will, he did not even mention their names, but included them among the general bequests made to his "nephews and nieces." Moreover, the intention in this regard of the testator may well be considered in connection with the fact that he gave a specific devise of a house and lot to the mother of the infants. These facts would rather tend to strengthen the legal presumption that interest was not intended to be paid on their shares during minority.

The only question remaining is as to the rule to be adopted in the abatement of the legacies. The personalty is insufficient to pay all the legacies in full. Some of the legacies are to adults, and therefore payable after the expiration of one year from the time of granting letters testamentary; and the remaining legacies are to infants, payable as each attains his or her legal majority. As the minors are not entitled to interest on their legacies, what disposition is to be made of the expected accumulations to the personalty that will accrue upon the investments to be made of the infants' shares? Will the adult legatees become entitled to any of the future increase, or will such increase belong to the infant legatees, to be apportioned among them pro rata, up to a sum not exceeding the amount of each legacy, or are the residuary legatees alone entitled to it? Attention has not been called to any authority upon these questions. The proper disposition of the personal estate in the first instance would seem to be to abate proportionately all the legacies, based upon the net amount of the personalty available for the payment of legacies. Code Civ. Proc. § 2721. The adult legatees would become entitled to the payment of the proportionate share thus found to be due to them, and upon such payment their interest or right to any further share in the estate should cease. If, after the payments to the adult legatees, the personalty becomes increased by reason of the income derived from the moneys to be held in trust for the infants, the question arises, who are entitled to participate in the accretions? Do the residuary legatees and devisees get all the gains, or do the infant legatees participate in them, up to the time that they become entitled to payment of their legacies? The question is by no means free from doubt, and I have been unable to discover any authority which will be a sufficient guide in arriving at a satisfactory conclusion. Some solace in my inability to discover a precedent is derived from the utterance of Lord Eldon, who was evidently deeply perplexed in determining the rule in abatement of legacies in the case of Ex parte Chadwin (In re Chadwin) 3 Swanst. 389, in which he uses the following language: "This is as difficult a case as I ever had to deal with." The intent of the testator would, of course, be the test. It seems to me that, so far as one is able to gather this intent respecting the disposition of the

future increase to the personalty, consideration should be given to the fact that the testator certainly intended that each of the infant legatees shall receive the full amount of the legacy when the infant attains the age of 21. It is also fair to assume that the testator had intended to dispose of all his property to the general legatees, and the undisposed-of realty to his residuaries. True, he also gives and bequeaths to them the residuum of the personalty; but inasmuch as he died on the day following the making of the will, and as the bequests then exceeded the total value of his personalty, he must evidently have intended to dispose of all his personalty to the general legatees. The form of the expression used in the residuary clause was the usual one in such clauses in order to make certain the disposition of all remaining property, but it was, in effect, a specific devise to them of real property. He had devised in another part of the will certain other real property to one of the residuaries. I therefore think that the intent and object of the testator will be best carried into effect by adding to the amount found to be due to each infant at the time of the payment to the adult legatees the proportionate amount of increase to the personalty, and on every subsequent occasion that a payment is payable to an infant legatee, based upon the total amount of the legacies then remaining unpaid; the amount to be paid to any infant, however, not to exceed the amount of the legacy bequeathed to such infant. After the payment of all the legacies, any residue of the personalty would go to the residuaries.

Let a decision be prepared in accordance with the foregoing views. Judgment accordingly.