In the Matter of the Petition of CECELIA BERBLING and Another to Render and Settle Their Account as Surviving Executors, etc., of JOHN R. BERBLING, Late of the County of Kings, Deceased.

Surrogate's Court, Kings County, September 11, 1929.

*Philip V. Manning*, for the executors.

*Frederick A. Keck*, special guardian for Elizabeth C. Berbling, an infant.

WINGATE, S. The executors of this estate in connection with their accounting have prayed a construction of paragraph " Fifth " of decedent's will, which reads as follows:

" *Fifth*. I give and bequeath to my beloved daughter, Elizabeth C. Berbling, the sum of One thousand ($1,000.00) Dollars, payable to her when she becomes Twenty-one years of age."

The beneficiary named is an infant and the questions raised are, *first*, whether the specified legacy should be paid at the present time or be retained by the trustees until Elizabeth reaches her majority and then be paid to her; and, *second*, whether interest should be allowed on the legacy, and if so, from what date.

The dispositive provisions of the will as a whole provide for

legacies of $1,000 to each of testator's four daughters, the item in question being one of these bequests. The entire remainder of the estate is devised and bequeathed to the trustees under the will, to pay the income to testator's widow for life and upon her death to divide the corpus in equal shares among testator's four children, the beneficiaries of the four $1,000 bequests.

It is the general rule of law " that when a time is specified for the payment of a legacy and there is no direction as to interest, the legacy will carry interest only from the time the legacy is payable." (*Brown* v. *Knapp*, 79 N. Y. 136, 141; *Thorn* v. *Garner*, 113 id. 198, 202; *Matter of Kings County Trust Co.*, 141 App. Div. 43, 46; *Stevens* v. *Melcher*, 80 Hun, 514, 548; *Lyons* v. *Steinhardt*, 37 Misc. 628, 631; *Foster* v. *Wetmore*, 14 N. Y. Supp. 194, 196; 60 Hun, 577.)

The courts have held, however, in a number of decisions construing wills, that the particular instruments before them contained provisions which created a presumption of a different intention by the testator in this regard.

Thus, in *Brown* v. *Knapp* (*supra*) the court says (at p. 141): " When there is a legacy to a minor child or to an infant, as to whom the testator is in *loco parentis*, and such legatee has no other provision nor any maintenance, in the meantime, allotted by the will, the legacy, although payable at a future day, carries interest from the death of the testator."

Other cases involving different facts in which the court has found a similar intention of testator are *Matter of Stanfield* (135 N. Y. 292), where the only gift to a particular legatee was the income of a fund, and *Williamson* v. *Williamson* (6 Paige, 298), where a legacy was given a widow in lieu of dower.

It seems reasonably apparent that the rule of allowance of income is simply another rule of testamentary construction applicable where no adverse controlling evidence of testamentary intention appears. Indeed, this is substantially stated by the Court of Appeals in *Brown* v. *Knapp* (*supra*, at p. 142): " This rule is based upon the presumption that the testator in such case must have intended that the legatee should in the meantime be maintained at his expense, thus discharging his moral obligation or carrying out his benevolent design."

If this so-called rule be considered as merely a presumption — which, like other presumptions, must yield to stronger evidence of intention — there is no difficulty in reconciling to the ordinary rule such conflicting determinations as those in *Lyon* v. *Industrial School Association* (127 N. Y. 402) and *Thorn* v. *Garner* (*supra*), where beneficiaries apparently coming four-square within the rule of *Brown* v. *Knapp* were denied recovery of interest.

In the instant case there can be no presumption that testator by this legacy of $1,000 to his six-year old daughter intended by such bequest " that the legatee should " thereby " in the meantime be maintained at his expense." At full legal interest, the income on this sum would amount to only $60 a year, and to indulge in a presumption that testator intended that this sum, amounting to less than $1.16 per week, was to be for her maintenance, is to presume a manifest absurdity. Testator's intent and expectation in this regard are, however, manifest. He left the bulk of his estate to his wife, this beneficiary's mother, for life, with remainder of a quarter thereof to this daughter in fee, and it is perfectly obvious that he intended that she should be supported and maintained from this latter testamentary provision and not from the income of this specific legacy of $1,000.

On the other hand, a reading of the entire will demonstrates that the paramount intention of the testator, after the provision for maintenance of his widow, was equality among his children, to each of whom he gave an identical legacy and an equal share in the residue. Three of these children were adults. One was an infant. Even in the absence of an intention by the testator as obvious as that here present, the court would endeavor so to construe the instrument as to produce equality of result. This rule is clearly stated in *Matter of Harden* (177 App. Div. 831, 835; affd., 221 N. Y. 643), as follows: "It is a general rule with respect to the construction of wills that if a will is susceptible of two constructions, one of which will tend to inequality in the distribution of the estate between the children of the testator, and the other will tend to produce equality, the latter construction is favored."

The application of this principle to the instant case is obvious. The three adult children received each $1,000, due and payable one year from the grant of letters. Were it to be held that the infant was to receive $1,000 without interest some fourteen or fifteen years later, there would be manifest discrimination against her, since a present sum of $1,000 is worth considerably more than a like sum several years hence. To effect the equality evidently intended by the testator, therefore, it is necessary that the $1,000 legacy provided by the 5th paragraph of the will should be severed from the main body of the estate at the same time as the payment of the legacies to her sisters under the 2d, 3d and 4th paragraphs of the will, and that this sum, with interest, be paid her on her attaining her majority.

Proceed accordingly.