157    439
179   ¹625

CLOTILDE, Appellant, v. LUTZ, Administrator, et al.

Division Two, June 26, 1900.

1. **Will:** INTENTION: HOW ARRIVED AT. To arrive at the intention of a testator, as contained in his will as a whole, there is no better way than to put one's self as nearly as may be in the position of the testator at the time of the execution of the will.

2. **Specific Bequests:** CHARGE ON REALTY. Real estate devised specifically to designated legatees is charged with the payment of legacies of money for the payment of which the testatrix had no personal property at the time of making the will, if such intention may be gathered from the will itself and the surrounding circumstances.

3. ————: ————: PAROL EVIDENCE. In determining whether it was the testatrix's intention to charge her realty specially devised to certain named persons, with the payment of specific legacies, parol testimony is admissible to show that she had no personal property with which to pay the legacies at the time the will was made.

4. ————: NO PERSONAL PROPERTY TO PAY THEM: CHARGE ON REALTY. Testatrix made certain specific bequests amounting to over $5,000, among them $2,000 to her sister, and $400 in trust for keeping her grave in repair, and $400 to priests to be expended for masses for the repose of her soul, and then in another clause stated: "After the payment of all my debts, funeral expenses and foregoing bequests, I give and bequeath all the rest and residue of my personal property to my beloved husband, as his property absolutely." She then by the next two clauses gave him certain valuable real estate absolutely, and by another clause gave him a life estate in other lots and houses, devising the remainder therein to a stranger. At the time of making the will she had no personal property whatever, not even enough to pay her funeral expenses. She also stated that she did not have any money to pay the legacies and that they were to be paid by selling one of the houses. *Held*, that she intended to charge her real estate with the payment of these legacies, and that enough of it must be sold to pay them. *Held*, also, that parol evidence was admissible to show that she had no personal property at the time the will was made, and such showing tends strongly to make it apparent that testate's intention was to charge the real estate with the payment of the specific legacies.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED (*with directions*).

*Roland L. & John Johnston* for appellant Clotilde.

1st.   The circuit court misconstrued the will of Barbara Lutz, deceased.   Upon the law and the evidence in the case the judgment should have been for plaintiff and order of sale made as prayed for. The will is in evidence, relied upon by all the parties to this action. It was made by M. Barbara Lutz just six weeks prior to her death.   She knew when she made it, that she had no personal estate out of which her legacies could be paid, but knew she had ample real estate to pay them all, and leave a surplus of $15,000.   She knew that in presence of witnesses (Mrs. Bauer and C. F. Bauer) she had informed George A. Lutz, her husband, executor and residuary devisee, "that as she had no money with which to pay her intended legacies, she would devise real estate to him, which he could sell, and from the proceeds pay the legacies."   Pursuant to this expressed intent she made this will, containing her numerous legacies, and making· her executor, husband, sole devisee of her real estate.   "On the other hand, a residue given together with certain specified property, will not make the gift of that property specific, if its mention can be accounted for on the ground that the testator wished to except it from another gift in the will." Fairer v. Park, 2 Theobold on Wills, p. 112; 13 Am. and Eng. Ency. of Law, pp. 115, 116; 2 Woerner on Administration, p. 1157, sec. 491; Duncan v. Wallace, 114 Ind. 159; 13 Am. and Eng. Ency. of Law, p. 112; Dowman v. Rush, 6 Rand (Va.) 587; McCorn v. McCorn, 3 N. E. Rep. 480; Jourdan v. Ducker, 3 S. W. Rep. 465; Martin v. Osborne, 3 S. W. Rep. 465; Norman v. Olney, 31 N. W. Rep. 559.

Clotilde v. Lutz.

*F. G. & Wm. F. Woerner* for Richardson, public administrator in charge of *M. B. Lutz's* estate.

(1) The charge of a legacy on the realty may be made by implication, when the intention appears to be fairly and naturally inferable from the context of the will. Woerner on Administration, sec. 491; McQueen v. Lilly, 131 Mo. 19. (2) A legacy may be charged on realty devised, if it appear "that the testator intended legacies to be paid knowing that his personal estate would be insufficient for that purpose." Miller v. Cooch, 5 Del. Ch. 179; Jaudon v. Ducker, 27 S. C. 299; Morris v. Sickly, 133 N. Y. 457. (3) And where the will leaves the court in doubt, extraneous circumstances may be considered in aid of its terms. Hoyt v. Hoyt, 85 N. Y. 142; Davenport v. Sargent, 63 N. H. 543; Duncan v. Wallace, 114 Ind. 169; Stevens v. Flower, 46 N. J. Eq. 340; Turner v. Gibb, 48 N. J. Eq. 526.

*Cornelius F. Bauer* for respondent Cecilia Lutz.

(1) It is a well established rule in equity, that the personalty is not only the primary but the only fund liable for the payment of legacies, unless they are charged on the realty either by express direction or by necessary implication. Woerner on Administration, 1095; 13 Am. and Eng. Ency. of Law, 110. (2) Land specifically devised can not be charged with the payment of general legacies. Specific devises and legacies have preference over general legacies; and a legacy is only specific when it is a bequest of a particular article of the testator's estate, which is so described and distinguished from all other articles or parts of the same kind as to be capable of being identified. In re Est. of Elizabeth Neistrath, 66 Cal. 330; Graybill & Butts v. Warren, 4 Geo. 536; Maroni v. Stone, 2 Cowen, 810; 13 Am. and Eng. Ency. of Law, pp. 10, 12; Phillips v. Clark, Adm'r,

18 R. I. 627. (3) To charge lands with the payments of debts or legacies, requires express words or necessary implication. Duvall's Est., 146 Pa. St. 176; Gerken's Est. 1 (Tuck.), N. Y. 49; Potter v. Ford, 7 S. W. Rep. 29. (4) A mere direction in a will to pay all debts or legacies is not a charge upon the real estate for that purpose, and furnishes no evidence of an intent to charge it. Harmon v. Smith, 38 Fed. Rep. 482. (5) A devise after the payment of debts does not create a charge by implication. Newson v. Thornton, 82 Ala. 402; Miller's & Bowman's Appeal, 60 Pa. St. 404; Smith, Exr., v. Soper, 32 Hun. (N. Y. Sup.) 46. (6) And though devisees are personally charged with the payment of legacies, yet the legacies are not a charge upon the lands devised. Taylor et al., Excrs., v. Tolen et al., 38 N. J. Eq. 97. (7) Where personalty is bequeathed subject to payment of debts, and the realty specifically devised, the personalty only should be applied for payment of such debts. Johnson v. Milksopp, 2 Vern. 111. (8) Where a testator begins his will by requiring his just debts paid, and afterwards gives legacies, and specifically devises lands, such devise is not charged even with the payment of debts. Eyles v. Cary, 1 Vern. 457; Harris v. Douglas, 64 Ill. 472; In re Rochester, 110 N. Y. 159; 2 Woerner on Administration, 1097. (9) Nor are lands charged by a mere direction of the testator to pay a legacy. It must appear from the will that it was his intention to onerate the land, otherwise the direction is merely personal; and it must also appear from the context of the will, that the personalty is not referred to. Lee v. Lee, 88 Va. 805; Worth v. Worth, 95 N. C. 239. (10) There is no ground whatever for preferring a pecuniary legacy as the one in the case at bar, to a specific devise. Van Winkle v. Van Houten, 3 N. J. Eq. 172; Meyers, Excr. v. Eddy, 47 Barb. (N. Y.) 263; Van Vliet's Appeal, 102 Pa. St. 574; Davenport v. Sargent, Adm'r, 63 N. H. 538; Hill v. Toms, Adm'r, 87 N. C. 492; Smith v. Carroll,

112 Pa. St. 390; Shallcross v. Finden, 3 Ves. 738; Power v. Davis, Exrs., 3 MacArthur (D. C.) 164.

*H. A. Haeussler* for respondent *Helein.*

(1)   If personalty is devised to a party as so much money and there is no personalty on hand at death, nor realty not specifically devised, the money legacy fails, and a bequest of a sum of money is a general legacy.   Am. Law of Adm., pp. 973 and 987; 13 Am. and Eng. Ency., p. 16; Endees v. Endees, 12 Barb. 362; Brant's Will, 40 Mo. 266. (2)   Unless personal legacies are made a charge upon realty, realty can not be sold to pay such legacies.   (3)   Specific legacies must be first satisfied, and general expressions will not override special directions as to particular specific property.   Mersman v. Mersman, 136 Mo. 244.   (4)   A will must be interpreted according to what is expressed, and no outside declarations or surmises are to be permitted.   Mersman v. Mersman, 136 Mo. 244.

BURGESS, J.—This case was certified by the St. Louis Court of Appeals to this court on the ground that the amount involved exceeds the jurisdiction of that court, and that its jurisdiction might be questioned on the ground of real estate being involved.

The plaintiff is a legatee under the will of Martha Barbara Lutz, deceased.   She died on January 2, 1894.   About six weeks prior to her death she made her will, in which she gave various legacies, mostly for religious and charitable purposes, among them $500 to a rector to beautify a church, two $200 legacies to different priests to be expended for masses for the repose of her soul, $400 for St. Mary's Infirmary, $100 for the benefit of deaf mutes, $400 for the benefit of the Little Sisters of the Poor, $400 for the keeping of her grave in repair, $2,000 to a sister, or in case of her

prior death to the institution with which she was connected, and $500 to each of two sisters. There were several other legacies of minor importance. They all amounted to over five thousand dollars.

After providing for these legacies the will proceeds as follows:

"14. After the payment of all my just debts, funeral expenses and foregoing bequests, I give and bequeath all the rest and residue of my personal property, whatever the same may consist of, to my beloved husband, George A. Lutz, as his property absolutely, to have and to hold the same, unto him, and unto his heirs and assigns forever.

"15. I also give, bequeath and devise unto my beloved husband, George A. Lutz, a certain lot of ground, being south part of lot number 23, block 218, fronting twenty-five feet on the west line of South Fourteenth street, including the three-story brick building, known as No. 413 South Fourteenth street, St. Louis, Missouri, erected thereon, as his property absolutely, to have and to hold the same unto him and unto his heirs and assigns forever.

"16. I furthermore give, bequeath and devise unto my beloved husband, George A. Lutz, a certain lot of ground, situated in block number 218 of the city of St. Louis, Missouri, and being lot number twenty-nine, having a front of fifty feet on the east line of Fifteenth street, by 150 feet in depth, situated in Reilly's Addition, as his property absolutely; to have and to hold the same with all the appurtenances thereto belonging to him, my said husband, and unto his heirs and assigns forever.

"17. I furthermore give, bequeath and devise unto my said husband, George A. Lutz, a certain lot of ground, situated in block number 218 of the city of St. Louis, Missouri, being known as lot number 24, in Reilly's Addition," etc., in which latter lot George A. Lutz was only given a life estate and remainder over to George A. Helein. There is

no other residuary clause than the one above quoted, and the said George A. Lutz, husband of testatrix, is appointed executor by the nineteenth section of the will.

There was no personalty out of which the legacies could be paid, and one of the legatees filed a motion in the probate court to compel the administrator in charge of the estate to sell the realty to pay them, the administrator having failed to do so. No debts were proven up against the estate. The probate court sustained the motion and made the order of sale, from which the devisees appealed to the circuit court of the city of St. Louis, where the order of the probate court was reversed. Plaintiff then appealed to the St. Louis Court of Appeals, and thereafter the case was certified by that court to the Supreme Court, as before stated.

The question presented by this appeal is whether under the facts stated, the various legacies bequeathed in the will must fail because there is no personalty out of which they can be paid, or in the absence of express provision in the will for their payment out of the real estate of which the testatrix died seized, are they a charge on such real estate.

The rule announced by this court for the construction of a will, is to give full force and effect to every word and sentence in it if possible to do so, and then construe it as a whole so as to meet the intention of the testator. And in order to arrive at such intention there is no better way than to put one's self as nearly as may be in the position of the testator at the time of its execution.

The will provides that all of the bequests shall be paid if practicable within six months after the death of the testatrix, and after the payment of all her debts, funeral expenses and bequests, she gave all the rest and residue of her personal property whatever the same might consist of, to her husband, Geo. A. Lutz; at the same time she must have known that she did not have any personal property, with which to pay said legacies, or even her funeral expenses,

much less a residue to give to her husband. Upon these facts is predicated the argument that they make these legacies an equitable and implied charge upon the real property of the estate.

General legacies are more favored in law than specific legacies and it has been the disposition of all courts to maintain all general legacies which the testator clearly intended should be paid, regardless of the sufficiency of the fund. And it has been said: "If the language of the will indicates that the testator intended legacies to be paid, knowing that his personal estate would be insufficient for that purpose, or if it appear that in giving the legacies he had the real estate in mind, they will constitute a charge thereon, although it be devised." [2 Woerner's Am. Law of Adminis. (2 Ed.), sec. 491.]

In Dowman v. Rust, 6 Randolph 587, a single woman having but little personal property, and real estate of considerable value, having only one brother, who would have been her heir and distributee, by her will bequeathed certain legacies to two of her friends, as tokens of affection, and made the brother executor and residuary legatee. It was held that she must be considered as intending that the legacies should be paid out of the land.

In Hoyt v. Hoyt, 85 N. Y. loc. cit. 147, it is said: "It is assumed that no man, in making a final disposition of his estate, will make a legacy, save with the honest, soberminded intention that it shall be paid. Hence, when from the provisions of a will prior to the gift of legacies it is seen that the testator must have known that he had already so far disposed of his personal estate as that there would not be enough left to pay the legacies, it is reasoned that the bare fact of giving a legacy indicates an intention that it shall be met from real estate."

In McCorn v. McCorn, 100 N. Y. 511, the testator executed a will previous to the day of his death, by which he

bequeathed to his wife $1,000 and to his son M. $400 and gave the residue of his estate to four children, to be divided equally between them. ·The personal estate left by the testator was insufficient to pay his funeral expenses. In an action to have the widow's legacy declared to be a charge upon the real estate, it was held, that the intent of the testator was that both legacies should be so chargeable, the court saying: "Whether a legacy is charged upon the real estate of the decedent is always a question of the testator's intention. The language of the will is the basis of the inquiry; but extrinsic circumstances which aid in the.interpretation of that language, and help to disclose the actual intention, may also be considered......His personal estate was insufficient even to pay his funeral expenses, and the two legacies to the widow and son were mere mockeries unless meant to be a charge on the real estate. The testator must have known that he had no personal estate with which to pay the smallest portion of his bequests; and unless he meant to charge them upon the land, we must impute to him the deliberate and conscious intention of making bequests to his wife and son which he knew could never be paid......But the situation is such that all possibility of innocent mistake is removed, and the facts drive us to the alternative of believing that the testator, in making his last will, under the solemnity of approaching death, indulged in bequests known to be useless and vain, or meant that they should be paid from the only possible source. No reasonable intelligence can hesitate to draw the latter inference."

So in Duncan v. Wallace, 114 Ind. loc. cit. 171, it is said: "Where a testator gives legacies and so disposes of all his personal property that it can not be made available for the payment of the legacies, the natural presumption is, that he intended to charge the land with the payment of the legacies, since a different rule would attribute to him a purpose to make a gift in appearance and not in reality

...... So, where a testator has no personal property at the time he executes a will and bequeaths specific legacies, the reasonable presumption is that he intended to charge them on the land, for it is not to be presumed that he did no more than make an empty show of giving a bounty to the legatees. But this presumption does not prevail where there is personal estate at the time the will was executed, although it may subsequently be lost to the testator."

That the testatrix was possessed of no personal property at the time of the execution of the will was clearly shown by the facts and circumstances, and especially by the testimony of Mrs. Catherine Bauer, a witness for defendant who testified in so many words that the testatrix "stated to her that she did not have any money to pay the legacies, and that they were to be paid by selling one of the houses," and while the language of the will is the basis of the inquiry as to the intention of the testatrix, and parol evidence inadmissible to add to or subtract from it, this evidence was admissible for the purpose of showing that she had no personal property with which to pay the legacies (McCorn v. McCorn, *supra*; Duncan v. Wallace, *supra*), and tends strongly to show that her intention was to charge them on the real property.

The testatrix gave a number of charitable bequests amounting in the aggregate to several thousands of dollars; to her sister, the plaintiff, she gave $2,000, and to the rector of St. Nicholas Roman Catholic Church the sum of four hundred dollars in trust, with directions that the annual interest or income arising therefrom be applied and expended towards preserving and adorning her grave and family burial lot. After the payment of all just debts her funeral expenses and all bequests, she gave to her husband George A. Lutz the residue of her personal property. She then devised to him a house and lot on 14th street in the city of St. Louis as his absolute property, another lot on 15th street in said city,

another lot on 14th street, with houses 415, 417 and 419 thereon, for life, with remainder in fee to George A. Helein, Jr., an entire stranger.

All of the bequests, including that in trust for preserving and adorning the grave of the testatrix and the family burying ground, are placed by the will upon an equal footing, and it is impossible to believe that she would, knowing as she must have known, that she had no personal property from which they could be paid, have made them, had she not intended that they should be paid from her real property of which she had an abundance. If such was not her purpose, it was simply mockery in her to make bequests which she knew would not be paid. Nor do the facts that she devised part of her real property to her husband in fee, and part to him for life with remainder in fee to a stranger, and that she gave to her husband all of the residue of her personal property after paying her funeral expenses, debts and legacies, overcome the presumption that she intended to charge her real estate with the payment of the legacies in the absence of personal property with which to pay them.

The presumption that she intended to charge her real estate with the payment of the legacies is strengthened from the fact that she devised part of it to an entire stranger, subject to the life estate of her husband, and to hold that she did not so intend would defeat the bequest of $2,000 to her sister, besides all bequests of a charitable character, which would be unnatural and unreasonable.

We therefore reverse the judgment of the circuit court, and remand the cause to that court with directions to enter up judgment in affirmance of the order and judgment of the probate court. *Gantt, P. J.*, and *Sherwood, J.*, concur.