LEROY ASBURY, by Trustee, Appellant, v. ED C. SHAIN et al., Administrators, Respondents.

St. Louis Court of Appeals. Argued and Submitted May 6, 1915. Opinion Filed June 8, 1915.

1. WILLS: Rules of Construction. A will is to be interpreted through an examination of the whole instrument, in an attempt to arrive at the intention of the testator, and the technical import of words is not to prevail over the obvious intent of the testator; but that intent must not only clearly appear, but be capable of being carried out, and if the testator has so framed his will as to make it impossible to determine what he intended, then the court must construe it in accordance with accepted rules of interpretation and as the testator has written it—the

Asbury v. Shain.

true inquiry being, not what the testator meant to express, but what the words used actually do express.

2. ———: Definitions: "General Legacy:" "Specific Legacy." A legacy is general, where its amount or value is a charge upon the general assets in the hands of the executors, and where, if these are sufficient to meet all the provisions in the will, it must be satisfied; it is specific, when it is limited to a particular thing, subject, or chose in action, so identified as to render the bequest inapplicable to any other.

3. ———: Will Construed: General or Specific Legacy. A will bequeathed in trust for testator's grandson notes and securities to the amount of $5000, to remain on interest, and, as fast as collected, the proceeds to be reinvested in loans at the best rate of interest, and to continue to be invested until the grandson attained his majority. The inventory of testator's estate consisted of one hundred and ten shares of corporate stock and notes of the face value of $12,113, of which $6738 bore seven per cent interest and $5375 bore six per cent interest. Held, that it was impossible to apply the legacy to any specific notes or securities, and hence the legacy was a general one, payable out of the general assets of the estate.

4. ———: Interest on Legacy: Demand. As a general rule, a general legacy does not bear interest until the time fixed by law for distribution, or, where the will is contested, until after the termination of the contest, but where interest is specifically made a part of the legacy, it is to be allowed from the death of the testator, and no demand therefor is necessary.

5. ———: ———: Rate of Interest. Where a will bequeathed notes and other securities to a certain amount, with interest, without specifying the particular notes and other securities that were intended to be bequeathed, and testator's estate consisted of notes and other securities aggregating more than the amount of the bequest, some of the notes bearing six per cent per annum and others bearing seven, the legal rate of interest—six per cent per annum—was recoverable.

6. TRUSTS: Failure to Appoint Trustee: Effect. The fact that a trustee of notes and securities constituting a general legacy was not appointed until long after the death of the testator would not prevent a recovery of interest due the trust estate, since a trust never fails by the mere failure of appointment or qualification of a trustee.

Appeal from Shelby Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED AND REMANDED (*with directions*).

*R. S. Matthews, Otho F. Matthews* and *H. A. Wright* for appellant.

(1) The rule of construction of a will is that the whole will must be taken together and that construction given that was the intention of the testator. Sec. 583, R. S. 1909; Grace v. Perry, 197 Mo. 550; Peregnet v. Berthold, 188 Mo. 61. (2) The testator in the will in question, in the body thereof, set out and bequeathed for Leroy Asbury, five thousand dollars in money. In the codicil he revoked this provision and gave him $5000 in notes and securities. The bequest in the will as first written was a special bequest and like gifts are so declared by the appellate courts of Missouri. Much more so is the bequest in the codicil. There could be no purpose in the mind of the testator in changing the bequest from money to notes, only that the bequest to Leroy Asbury should draw interest from the date of death, so there would be no time lost in finding good loans by the trustee. He gives notes. The interest the notes bear is just as much a part of the bequest as the notes themselves. The interest is a part of the notes. Further, the codicil provides for the payment of the interest for the benefit of the beneficiaries in certain contingencies as cases hereinafter cited, which makes the bequest draw interest from the death of the testator, even if the bequest was for so many dollars in money instead of notes. See Gaston v. Hayden, 98 Mo. App. 683. (3) Interest is adjudged from date of death, on a special legacy, even though the bequest is for so many dollars. See In re Estate Catron, 82 Mo. App. 416; Cooke v. Meeker, 36 N. Y. 15; Matteo v. Stanfield, 135 N. Y. 293.

*V. L. Drain* for respondents.

(1) The legacy giving "notes and securities to the amount of five thousand dollars," is a general leg-

acy, demonstrative in its nature, but not in any sense a specific legacy. 18 Am. and Eng. Ency. of Law (2 Ed.), pages 711-713; Rice Probate Law, pages 368-369; 2 Williams on Executors (6 Ed.), 1250-1251; 2 Redfield on Wills (3 Ed.), 132; Kelley's Probate Guide (4 Ed.), sec. 321; Borland Law of Wills, sec. 62.   (2) General legacies do not bear interest from the death of the testator, or from the date of the probate of the will.  18 Am. and Eng. Ency. of Law (2 Ed.), 793; Borland Law of Wills, sec. 86, page 248.   (3) Interest cannot be lawfully charged upon this legacy until after the contest proceeding was ended and the result thereof certified to the probate court of Shelby county.  State ex rel. v. Adams, 71 Mo. 620; Good Samaritan Hospital v. Trust Co., 137 Mo. App. 179, 117 S. W. 637; In re Catron Estate, 82 Mo. App. 426.

REYNOLDS, P. J.—One John R. Jones, by the third clause of his will, bequeathed to John F. Wood, in trust for testator's grandson, Leroy Asbury, "the sum of $5000, to be loaned by said John F. Wood at the best rate of interest possible and on good security until said Leroy Asbury shall attain the age of twenty-one years, such of the interest as said John F. Wood shall deem necessary to be paid to said Leroy Asbury or used for his benefit and the interest not so paid or used to be added to the principal and loaned in the same manner as the principal and when said Leroy Asbury shall have attained the age of twenty-one years said sum of five thousand dollars with the accumulated interest to be paid to him by said John F. Wood."

By a codicil to this will the testator bequeathed to Wood, in trust for testator's grandson Asbury, "notes and securities to the amount of $5000.  Said notes and securities to remain on interest and as fast as collected the proceeds to be reinvested in loans at the best rate of interest and to continue to be so invested until the said Leroy Asbury shall have attained

the age of twenty-one years when said notes and securities and all new notes and securities for proceeds reinvested and all cash proceeds on hands of such old notes as may have been collected and not reinvested to be turned over by said John F. Wood to said Leroy Asbury.

"If the said Leroy Asbury shall have attained the age of twenty-one years before my death the notes and securities herein mentioned and hereby devised to said Leroy Asbury to go directly to said Leroy Asbury and vest in him without the intervention of a trustee. The said John F. Wood shall use any accumulated interest for the use and benefit of said Leroy Asbury and all interest not so used shall be safely invested in the same manner as herein directed with regard to the principal.

"I hereby revoke item third of my last will and testament to which this is a codicil, so that said Leroy Asbury shall take, have and hold, under my will only the property mentioned in this codicil."

The will with its codicil was admitted to probate in the probate court but was contested by Leroy Asbury, through his next friend, B. B. Asbury, and the contest determined in the circuit court about May 1, 1912. It appears that this contest was settled under some arrangement as a part of which Leroy Asbury was awarded $5000 over and above the amount named in the will. Wood, the trustee named in the will, refused to qualify and from the time of the death of Jones until June 3, 1912, there was no person appointed or who qualified as trustee in his place, but on the latter date it appeared that B. B. Asbury was appointed and qualified. On June 12, 1912, the probate court of Shelby county, having made an order directing the payment of this $5000 awarded Leroy Asbury in the settlement of the contest over the will, that sum was paid to his trustee and is not here involved. But the trustee also demanded that the $5000 mentioned

in the codicil be satisfied by turning over to him interest-bearing notes in that amount and then in the hands of the administrators, or that the administrators turn over to him $5000 and interest thereon from the date of the death of the testator. The probate court refused to make such order, but ordered payment of the $5000 bequeathed by the codicil, without interest. This amount was thereupon tendered to the trustee and he accepted it without remitting his claim for interest. From this action of the probate court the trustee appealed to the circuit court of Shelby county.

In the circuit court, a jury being waived, the cause was tried by the court, which, in its judgment filed, held that the legacy was a general legacy, and that the claim for interest upon the legacy, the legacy not having been payable or paid until after the conclusion of the contest over the will, did not draw interest from the date of the death of the testator; that neither the legatee nor his trustee was entitled to any interest thereon pending the contest over the will. The court accordingly found in favor of defendants and against plaintiff and ordered and adjudged "that the defendants go hence and that the costs herein be taxed against plaintiff." From this plaintiff duly perfected his appeal to our court.

The sole questions presented to us are whether this legacy is a general or special legacy, or, as sometimes called, a specific legacy, and whether it draws interest.

It is true that a will is to be interpreted by an examination of the whole will in an attempt to arrive at the intention of the testator, and that the technical import of words is not to prevail over the obvious intent of the testator. But that intention must not only clearly appear but be capable of being carried out. If the testator has so framed his will as to make it impossible to determine what he intended, then the court in construing it must do so in accordance with accepted

rules of interpretation and as the testator has written
it; the true inquiry is not what the testator meant to
express, but what the words used express. If it was
the intention of this testator to have made a specific
legacy of specific notes, he was unfortunate in the way
in which he carried out that intention. By unmistaka-
ble language here used he has made a general legacy
in favor of his grandson and not a specific one of spe-
cific notes.

Mr. Black, in his Law Dictionary (2 Ed.), has de-
fined general and special or specific legacies very aptly.
He defines a general legacy to be "a pecuniary legacy,
payable out of the general assets of a testator.  . . .
One so given as not to amount to a bequest of a par-
ticular thing or particular money of the testator, dis-
tinguished from others of the same kind; one of quan-
tity, not specific."

He defines a special or specific legacy to be, "A
legacy or gift by will of a particular specified thing, as
of a horse, a piece of furniture, a term of years, and
the like. [Morriss v. Garland, 78 Va. 222.]  In the
strict sense, a legacy of a particular chattel, which is
specified and distinguished from all other chattels of
the testator of the same kind; as of a horse of a cer-
tain color. A legacy of a quantity of chattels described
collectively; as a gift of all the testator's pictures.
[Ward, Leg. 16-18.]  A legacy is general, where its
amount or value is a charge upon the general assets in
the hands of the executors, and where, if these are suffi-
cient to meet all the provisions in the will, it must be
satisfied; it is specific, when it is limited to a particu-
lar thing, subject, or chose in action, so identified as to
render the bequest inapplicable to any other; as the
bequest of a horse, a picture, or jewel, or a debt due
from a person named, and, in special cases, even of a
sum of money."

See, also, 2 Bouvier's Law Dict. (Rawle's Ed.), where a general legacy is defined as "so given as not to amount to a bequest of a particular thing or money, of a particular fund, distinguished from all others of the same kind;" while a specific legacy is defined to be "a bequest of a specified part of the testator's personal estate, distinguished from all others of the same kind. . . . A specific legacy may be of animals or inanimate things, provided they are specified and separated from all other things, as money in a bag, or money marked and so described; as, I give two eagles to A. B, on which are engraved the initials of my name. . . . If the specific article given be not found among the assets of the testator, the legatee loses his legacy."

Here we have a legacy of "notes and securities to the amount of $5000." The inventory of the estate of the decedent was in evidence and is before us. Exclusive of cash, the total amount of personal property, consisting of one hundred and ten shares of stock in a corporation, and of twenty-six notes, running from $11.63 to $2636.25, amounting in all to $23,114.23. That left notes of the face value of $12,114.23; of these $6738.43 bore seven per cent interest and $5375.80 bore six per cent interest. It is true that by the codicil it is provided that the notes and securities are to remain on interest. But to which of these several notes can it be said with any certainty that the bequest of $5000 in notes and securities can be applied? Does it apply to those drawing six per cent or those drawing seven per cent? Possibly a combination of notes could be made so as to bring out the exact sum of $5000, but any such selection of any particular notes would be arbitrary. Is this legacy to be taken from the stock in the bank? The will affords us no guide for determining what particular notes or securities the testator intended to give. Therefore, considering the terms of the will in connection with the estate which the testator

left, it is impossible to apply this legacy to any specific notes or securities.

That, as a general rule, a general legacy does not bear interest until the time fixed by law for distribution, or, in case the will is contested, until after the termination of that contest, has been determined by our Supreme Court, by the Kansas City Court of Appeals, and by our court in three cases which we think settle the question here. [See State ex rel. Nichols v. Adams, 71 Mo. 620; In re Estate Catron, 82 Mo. App. 416; and Good Samaritan Hospital v. Mississippi Valley Trust Co., 137 Mo. App. 179, 117 S. W. 637.] But as pointed out in those cases, especially in the Catron case, supra, where, as here, interest is specifically made a part of the legacy, it is to be allowed from the date of the death of the testator. It was clearly in contemplation of the testator that his grandson should receive interest on the fund, and that interest is not lost either by the fact that here is a general and not a specific legacy, or that the will was in contest. That the bequest was to draw interest from the death of the testator is clear, for interest was a part of the bequest. [In re Estate Catron, supra.]

Some of these notes draw six per cent and others seven per cent, and as we cannot affix this legacy to any one of them, the rate of interest can only be the legal rate, namely, six per cent per annum from the date of the death of the testator.

The fact that a trustee was not appointed until long after the death of the testator is immaterial. A trust never fails by the mere failure of appointment or qualification of a trustee. The will gave the right to interest. No demand was necessary. [Good Samaritan Hospital v. Mississippi Valley Trust Co., supra, l. c. 187.]

The judgment of the circuit court is reversed and the cause remanded with directions to that court to enter up judgment in favor of the trustee for interest

on the $5000 at six per cent from the date of the death of the testator and that the judgment so entered be certified by the circuit court to the probate court of Shelby county. *Nortoni* and *Allen, JJ.*, concur.