In the Matter of THE ESTATE OF THEODORE H. TEMPLE, Deceased.

St. Louis Court of Appeals.    Opinion Filed December 5, 1922.

1. **WILLS: Construction: Intention of Testator Chief Concern.** In construing a will, the chief concern is to arrive at and effectuate the intention of the testator.

2. ———: ———: **Several Clauses: Legacy: Charging Real Estate with Payment: Rule.** The construction of a will making the legacy bequeathed by a clause thereof a charge upon the realty, *held* not to violate the rule that where a fee-simple or absolute estate

In re Temple.

is granted by one clause of the will, by clear and unequivocal language, such estate cannot be limited, cut down, or diminished by subsequent ambiguous words, inferential in their intent.

3. ———: ———: ———: ———: Insufficient Personalty: Legacy to be Paid if Intent Appears. Although it is true that the personal estate is the primary fund for the payment of legacies, unless it appears that the testator intended otherwise, it has been the disposition of all courts to maintain all general legacies which the testator clearly intended should be paid, regardless of the sufficiency of the fund.

4. ———: ———: ———: ———: Charge on Realty: Question of Intention. Whether a legacy is a charge upon the realty of a decedent is a question of the testator's intention.

5. ———: ———: ———: ———: ———: Extrinsic Circumstances Considered in Disclosing Intention. While in arriving at the intention of the testator as to whether a legacy is a charge upon the realty, the language of the will itself is the basis of the inquiry, extrinsic circumstances which aid in the interpretation of that language and help to disclose the actual intention, may also be considered.

6. ———: ———: Legacy: Insufficient Personalty: Will Construed to Intend Legacy be Paid out of Realty. Under a will which devises and bequeaths the testator's estate or its remainder to certain nephews and in a subsequent clause bequeathing $1000 to a certain niece, etc., held from the will as a whole, when interpreted in the light of the surrounding circumstances, that the testator intended that such legacy be paid, and that it be paid out of his realty if resort thereto should be necessary.

7. ———: ———: ———: General: Not Specific Legacy. A legacy of $1000 set apart to be held in trust for the benefit of a niece until she should attain the age of eighteen years, etc., held not specific in character, but is a general legacy.

Appeal from the Circuit Court of St. Louis County.— *Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Daniel J. O'Keefe* and *Henry E. Haas*, for Wm. E. Diederich and Gustav A. Temple, Trustees under the will of Theodore H. Tempel, deceased for Jeanette

Tempel, Gertrude Tempel, Thelma, Tempel and Marion Tempel, minors, Appellants.

(1) The rule that the intention of the testator shall be sought and effectuated, in construing and enforcing wills, is subject to the very vital qualification that such intention must not contravene a well-established principle of law. Borland on Wills (En. Ed.), p. 296 and cases cited; Lemmons v. Reynolds, 170 Mo. 227; Peugnet v. Berthold, 183 Mo. 61; Miller v. Ensminger, 182 Mo. 195; Briant v. Garrison, 150 Mo. 655; Griffin v. McIntosh, 176 Mo. 392; Russell v. Eubanks, 84 Mo. 82; Farrar v. Christy, 24 Mo. 453; Brown v. Rogers, 125 Mo. 392; Reinders v. Koppelman, 94 Mo. 338. (2) The law is well settled in Missouri and elsewhere that when the words of a will at the outset clearly indicate a disposition in the testator to give absolutely to the first donee the entire interest, use and benefit of the estate devised, that estate will not be limited, cut down or diminished by subsequent or ambiguous words, inferential in their intent. Jackson v. Littell, 213 Mo. 589; Settle v. Shafer, 229 Mo. 561; Cornet v. Cornet, 248 Mo. 184; Thornbrough v. Craven, 225 S. W. 445; Lane v. Garrison, 239 S. W. 813; Gannon v. Pauk, 200 Mo. 75; Sevier v. Woodson, 205 Mo. 202; Underwood v. Cave, 176 Mo. 1; Roth v. Rauschenbusch, 173 Mo. 582; Lemp v. Lemp, 264 Mo. 533; Newell v. Kern, 218 S. W. 443; Wead v. Gray, 78 Mo. 59, 11 Ann. Cases, 343; Underhill on Wills, secs. 358; Borland on Wills (En. Ed.), sec. 151; 40 Cyc., 1586, 1587; 30 Amer. & Eng. Ency. of Law (2 Ed.), 748. (3) Legacies are primarily payable from the personalty only, and in the event of its insufficiency, they must abate, unless either expressly or by necessary implication, the land of the testator is charged with their payment, and this must clearly appear from the will itself. Gardner on Wills, sec. 158; Borland on Wills (En. Ed.), sec. 219; 9 L. R. A., p. 584; 19 Am. & Eng. Ency. of Law (2 Ed.), pp. 1349, 1350; McQueen v. Lilly, 131 Mo. 9; Reynolds v. Reynolds, 16 N. Y. 257; Lupton v. Lupton, 2 Johnson's Chancery Rep., star page 614. (4) The fund of

one thousand dollars bequeathed to Esther R. M. Mc-
Cleary, described and particularized in the fifth clause
of the will, has all the earmarks of a specific legacy, and
when a specific legacy is not found among the assets of
the testator, the legacy is said to be adeemed or lost.
Asbury v. Shain, 177 S. W. 666; In re Largue's Estate,
183 S. W. 608; 11 L. R. A. (N. S.) 55; 40 L. R. A. (N. S.)
542; Rood on Wills, sec. 711; 18 Amer. & Eng. Ency. of
Law (2 Ed.), 714; Gelbach v. Shively, 67 Md. 498; In
re Smith's Appeal, 103 Pa. St. 559; Towle v. Swasey, 106
Mass. 100; Bullard v. Leach, 213 Mass. 177; Tennille
v. Phelps, 49 Ga. 532; Hart v. Brown, 145 Ga. 140; Bor-
land on Wills, (En. Ed.), sec. 119.   (5)   Where the
provisions of a will are conflicting, it is the duty of courts
to give effect to the testator's paramount intention as
against a secondary intention. That is to say, the general
intent is to be preferred over a particular one. All sub-
ordinate provisions in a will bend in construction to the
testator's main purpose. 1 Schouler on Wills (5 Ed.),
sec. 476; 1 Redfield on Wills, star page 433: 40 Cyc. 1393;
Garth v. Garth, 139 Mo. 456; Young v. Robinson, 122
Mo. App. 187; Thomas v. Thomas, 149 Mo. 426; And
in case of an ambiguity in the will that construction is
to be adopted which favors the next of kin, since it is
presumed that the testator intended his property to go
in the legal channel of descent. Hence the statute of
descents and distribution will be consulted as an aid in
construing the will. 40 Cyc. 1412; 28 R. C. L. 229; 1
Schouler on Wills, (5 Ed.), Sec. 479, Sec. 303, R. S. 1919.

*W. J. Blesse* and *William Kohn,* for Esther R. Cleary
legatee under the Will of Theodore H. Tempel, deceased,
and for Daisy F. Cleary, her curatrix, respondents.

(1) It is an universal rule for the construction of
wills to give full force and effect to every word and sen-
tence in the will, if possible to do so, and then construe
it as a whole so as to meet the intention of the testator.
Clotilde v. Lutz, 157 Mo. 439; Cornet v. Cornet, 248 Mo.

184. (2) When the testator, in a residuary clause (and the third clause of the will in question is a residuary clause) treats the real and personal property as forming one whole, without distinguishing the one from the other, he is presumed thereby to manifest an intention to charge the real estate with the payment of legacies. Woerner's Law of Administration, sec. 452, p. 999; O'Day v. O'Day, 193 Mo. 62; Lewis v. Darling, 14 U. S. (Law Ed.) 819; McQueen v. Lilly, 131 Mo. 1; (3) Where the personalty is insufficient to pay legacies and where at the time the will was made it was insufficient to pay the same; or where the testator so disposes of his personal property that it cannot be made available to pay legacies, it is presumed that the testator intended to charge his land with the payment of the legacies. Clotilde v. Lutz, 157 Mo. 439; Brant's Will, 40 Mo. 266; 2 Woerner's Am. Law of Adminis. (2 Ed.), sec. 491; Hoyt v. Hoyt, 85 N. Y. 147; McCorn v. McCorn, 100 N. Y. 511; Duncan v. Wallace, 114 Ind. 171; Davison v. Coon, 125 Ind. 497, 9 L. R. A. 584 and Note.

ALLEN, P. J.—This appeal involves the construction of the last will and testament of Theodore H. Temple, deceased. The precise question presented is whether real estate devised by the testator is charged with the payment of a legacy of $1000 made to Esther Cleary by clause five of the will. The will, omitting formal parts, is as follows:

"First. I direct that all my just debts and funeral expenses be promptly paid.

"Second. I give, devise and bequeath to my beloved wife, Annie M. Temple, all the rents, revenue and income from all my estate, real, personal and mixed, of which I may be possessed; to have and to hold the same unto her, my said wife, for and during her natural life, or for so long as she may remain unmarried and my widow. These provisions for my widow are given in lieu of, and in extinguishment of, her right and title of dower.

"Third. Upon and after the decease or second marriage of my said wife, Annie M. Temple, I give, devise and bequeath my estate or its remainder unto the children then living of my brother, Gustav A. Temple, to be divided among said children in equal parts, each nephew to receive his part when he attains the age of twenty-one (21) years, and each niece to receive her part when she attains the age of eighteen (18) years.

"Fourth. I hereby give and bequeath to my wife, Annie M. Temple, to be her own absolute property, all my household furniture, jewelry, books, paintings, horses and buggies of which I may be possessed.

"Fifth. I hereby set apart the sum of one thousand dollars ($1000), the same to be held in trust for the benefit and use of my beloved niece Esther R. M. McCleary, until she shall have attained the age of eighteen years, when the said sum of one thousand dollars ($1,000) shall be paid to her, my said niece Esther, by the trustees, hereinafter to be named, of this fund. I direct the said trustees to invest said one thousand dollars ($1,000) in safe security at the rate of six (6) per cent annual interest, and pay said interest to my said niece towards her maintenance and education. I hereby nominate and appoint my wife, Annie M. Temple, and my brother, Gustav A. Temple, as trustees of said trust, without bond.

"Sixth. Should any portion of my real estate materially increase in value, I hereby authorize and direct my executors and trustees hereinafter named to sell such real estate and invest the proceeds of such sale in other real estate enhancing in value.

"Seventh. I nominate and appoint my said wife, Annie M. Temple, executrix and trustee, and my said brother, Gustav A. Temple, executor and trustee of this, my last will, without bond; and I hereby give to my said executors and trustees all the power, authority and discretion of this, my last will."

The will was executed on February 15, 1912. The testator died on September 20, 1914, and shortly thereafter the will was admitted to probate and letters testa-

mentary were issued to the executor and executrix named therein. Within six months thereafter the widow renounced the provision made for her in the will and elected to take dower in lieu thereof. She also declined to act as one of the trustees under the will, and one Diederich was appointed in her stead. The inventory showed that the testator's personal estate amounted to $558.29, of which $319.79 was cash in bank. Seventeen different parcels of real estate were inventoried.

It appears that in a partition suit, instituted in 1916, the real estate was partitioned in kind, the widow receiving certain parcels thereof and the remainder being set apart to the trustees under the will for the minor children of Gustav A. Temple; the court proceeding therein upon the theory that there was sufficient personalty in the estate to pay all debts, legacies and expense of administration. In November, 1919, but $28.47 then remaining in the hands of the executor and executrix, the Probate Court entered an order wherein, after finding that there were not sufficient personal assets on hand to pay the legacy to Esther Cleary and that the legacy constituted a charge against the real estate devised to the trustees for the minor children of Gustav A. Temple, the court ordered that the executor and executrix proceed to sell at public or private sale "such portions, or all, of the real estate" so devised to such trustees or so much thereof as might be necessary to pay the said legacy; the real estate being fully described. From this order the trustees appealed to the circuit court where, upon a trial before the court, without a jury, the court found the legacy to Esther Cleary, with interest from the date of the testator's death, was a charge upon the real estate devised to said trustee, and adjudged that sufficient thereof be sold to pay such legacy. From this judgment the trustees have appealed to this court.

The cause was tried in the circuit court upon an agreed statement of facts, from which (in addition to matters set out above, it appears that the testator was fifty-four years of age at the time of his death; that he

had been in robust health and active in the real estate business until about four days before his death when he suffered a paralytic stroke which left him in a semi-conscious condition, which condition continued until death occurred; that he was very fond of his niece, Esther Cleary, who was six years of age at the time of his death, bought her presents and took great interest in her; that she was his constant companion, and that his last words expressed a desire to see her; that at the date of the execution of the will, February 15, 1912, the testator had on deposit in bank $553.62, and from that time until his death he deposited various amounts, aggregating in all $38,783.26, the balance in his bank account during such period ranging from $500 to sums in excess of $4000; that, with money thus deposited by him from time to time, he purchased a parcel of land in St. Louis County, taking the title in the name of himself and his wife, creating an estate by the entirety, and erected a residence thereon, the land and building costing more than $18,000, of which $3802.50 was paid on September 10, 1914, in discharge of a debt secured by deed of trust thereon; that the widow, as tenant by the entirety, because the sole owner of the property, free of incumbrance; and that the testator acquired no realty subsequent to the making of his will.

In deciding the case the trial court filed a memorandum which we set out in full, as follows:

"1. In clause second the will purports to devise 'all the rents, revenue and income from all my estate, real, personal and mixed, of which I may be possessed,' to the wife for life, or so long as she shall remain unmarried; and in clause third it purports to devise and bequeath 'my estate or its remainder,' upon and after the decease or second marriage of the widow, to the children of the testator's brother. These clauses purport to convey the entire estate. But they were evidently not so intended, because clause first provided for the payment of debts and funeral expenses, which must be paid out of the estate, and clause fourth bequeathed as

absolute property to the wife certain specified personal property, which would be part of the estate of which the testator was possessed.

"In the same manner and for the same reason, when in the fifth clause the testator declares that 'I hereby set apart' $1000 to be held in trust for his 'beloved niece, Esther R. M. Cleary,' he intends that this shall be paid out of his estate. His directions as to the control of this fund and the disposition of it and the annual interest on it indicate the importance of it as a bequest out of his estate.

"The second clause was to go into effect at once so as to give the widow the rents, revenue and income. The fifth clause likewise required the payment of the annual interest to the niece until she was 18 years of age, towards her maintenance and education; and this indicates the intention that the bequest should go into effect at once.

"So the general and sweeping terms in the second and third clauses should be construed as having regard to, and modified by, the more definite and particular dispositions contained in the first, fourth and fifth clauses, and as being intended to devise and bequeath the residue of the estate after giving effect to the particular provisions in the last-mentioned clauses.

"At the time of his death the testator had on hand only $319.79 in cash, and other personal property worth $238.50, amounting to $558.29 which was not more than sufficient to pay debts and funeral expenses. At the date of the will he had on deposit in bank $553.62. Thereafter his bank accounts ranged from as low as $500 to in excess of $4000. He dealt in real estate, and appears to have kept his money invested in lots. There appears to have been no effort or intention to keep on hand any fund exceeding about $500. He must have understood that he did not have any money out of which he could set apart $1000 for anyone. He must have intended to have this paid out of his lands. [See Clothilde v. Lutz,

157 Mo. 439, 445 and following, and cases cited;    O'Day
v. O'Day, 193 Mo. 62, 93.]

"Interest should be paid on the Esther Cleary fund
from the death of the testator, September 20, 1914. [In
re Catron Estate, 82 Mo. App. 416; Gaston v. Hayden,
98 Mo. App. 683, 695.]

"Finding, order and judgment affirming order and
judgment of Probate Court for sale of real estate, with
modification requiring sale of so much as may be neces-
sary to satisfy legacy of $1000 and interest thereon at
six per cent. from September 20, 1914; sale and proceed-
ings to be reported to the Probate Court.    Transcript
to be certified with original papers to said court."

We fully agree with the views of the learned trial
judge, whose memorandum would suffice to dispose of
the case before us did we not feel it incumbent upon us
to advert to questions raised by appellant's learned coun-
sel.   Appellant does not question the cardinal rule that
in construing a will the chief matter of concern is to
arrive at and effectuate the intention of the testator.  But
it is said that this rule is subject to the qualification that
a construction must not be adopted which will contravene
a well-established and inflexible rule of law; and it is
argued that the construction placed upon the will below
violates the rule that where a fee simple or absolute
estate is granted by one clause of the will, by clear and
unequivocal language, such estate cannot be limited, cut
down or diminished by subsequent ambiguous words,
inferential in their intent.   [Citing Yocum v. Siler, 160
Mo. 281, 61 S. W. 208; Gannon v. Pauk, 200 Mo. 75, 98
S. W. 471; Sevier v. Woodson, 205 Mo. 202, 104 S. W. 1;
Jackson v. Littell, 213 Mo. 589, 112 S. W. 53; Cornet v.
Cornet, 248 Mo. 184, 154 S. W. 121, and other cases.]
It is contended that the second and third clauses of this
will dispose of the testator's whole estate, the second
clause giving the wife the rents, revenue and income for
life or widowhood, and the third clause disposing of the
absolute for simple estate in the realty; and that to give
a construction to the will making the legacy bequeathed

by the fifth clause thereof a charge upon such realty, violates the aforesaid rule.

But we are of the opinion that the doctrine invoked is not here applicable. It will be noted that the third clause of the will devises and bequeaths the testator's "estate or its remainder;" and it cannot be said that to charge the realty with the payment of this legacy would have the effect of cutting down or diminishing an absolute estate. We do not think that to give effect to the intention of the testator that this legacy to Esther Cleary be paid out of his estate—resort being had to the realty, if necessary, therefor—if such be found to have been his intention, can be regarded as violative of the rule of law upon which appellant relies.

It is true that the personal estate is the primary fund for the payment of legacies, unless it appears that the testator intended otherwise. [McQueen v. Lilly, 131 Mo. 9, 31 S. W. 1043.] But, as said in Clothilde v. Lutz, supra, "it has been the disposition of all courts to maintain all general legacies which the testator clearly intended should be paid, regardless of the sufficiency of the fund." Whether a legacy is a charge upon the realty of a decedent is a question of the testator's intention. And while in arriving at the intention of the testator in this regard the language of the will itself is the basis of the inquiry, "extrinsic circumstances which aid in the interpretation of that language, and help to disclose the actual intention, may also be considered." [See Clothilde v. Lutz, supra.] In the instant case, from the will as a whole, when interpreted in the light of the surrounding circumstances appearing from the agreed statement of facts, it clearly appears, we think, that the testator intended that this legacy be paid; and that it be paid out of his realty if resort thereto should be necessary.

It is argued, in substance, that the legacy with which we are concerned is, from the language employed in that clause of the will, to be regarded as a specific legacy; and that "when a specific legacy is not found among the assets of the testator, the legacy is said to be adeemed

211 M. A.—6

or lost." As to this it is sufficient to say that we regard it as clear that the legacy in question is not specific in character but is a general legacy. [See Asbury v. Shain, 191 Mo. App. 667, 177 S. W. 666.]

It follows that the judgment below should be affirmed, and it is so ordered. *Becker* and *Daues, JJ.*, concur.